ISRAEL UNTERBERG, Respondent, *v.* ROBERT H. ELDER, Appellant.

Power of attorney — authority conferred upon two or more agents presumed to be joint — policy of fire insurance void when signed by but two agents as attorneys in fact while power of attorney under which they assumed to act ran to three.

1. The rule that an authority conferred upon two or more agents is presumed to be joint is not an inflexible one and yields to indications of a contrary intent, which may be looked for in the surrounding circumstances, or in the course of dealing, or in the terms of the power.

2. In an action against an underwriter of a Lloyd's policy of fire insurance, defended upon the ground that the policy was signed in behalf of the underwriters by but two agents as attorneys in fact while the power of attorney under which they assumed to act ran

to three, plaintiff put in evidence the power of attorney by which the three agents were appointed and a judgment roll by which it appeared that he had recovered judgment against two of the three agents. No other evidence was offered. *Held,* upon this record, that the court is unable to go beyond the agreement to obtain light as to its meaning, and upon examination thereof that the policy was not issued by the agents in compliance with the power.

3. A contention, that the recital in the power of attorney that it is made " by and between each of the parties of the first part and by and between each of the parties of the second part," shows an intention to create a joint and several power or authority, cannot, in view of the language of the operative part of the agreement, be upheld. The agents have no power except as this instrument confers it, and the instrument expressly confers it on the parties of the second part and the grant is one to them collectively.

*Unterberg* v. *Elder,* 149 App. Div. 647, reversed.

(Argued May 7, 1914; decided June 9, 1914.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 27, 1912, which reversed a determination of the Appellate Term reversing a judgment of the Municipal Court of the city of New York in favor of plaintiff and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Otho S. Bowling* and *Michael F. O'Brien* for appellant. The power of attorney introduced in evidence was a joint power given to three individuals, viz., Charles E. Ring, John A. Fiske and Jefferson D. Bremer. (*Hawley* v. *Keeler,* 53 N. Y. 114, 121; *Martine* v. *International Life Ins. Co.,* 53 N. Y. 339–342; *Kind* v. *Barry,* 66 Misc. Rep. 188.) There is no force in the plaintiff's contention that the preamble or recital in the power of attorney that it is made " by and between each of the parties of the first part and by and between each of the parties of the second part " shows an intention to create a joint and several power or authority. (*Burr* v. *A. S. S. B. Co.,* 81 N. Y. 175; *Williams* v. *Berkeley,* 165 N. Y. 48.)

*Wendell P. Barker* for respondent.    The power of attorney was given to Jefferson D. Bremer, John A. Fiske and Charles E. Ring not jointly, but jointly and severally. (*Payne* v. *Burnham,* 62 N. Y. 69; *Hobalt* v. *Verrault,* 74 App. Div. 444; *Hawley* v. *Keeler,* 53 N. Y. 116; Story on Agency, §§ 41, 43; *Guthrie* v. *Armstrong,* 17 Eng. L. 344; *Deacon* v. *Underwood,* 30 Minn. 98.)

CARDOZO, J.    The plaintiff sues upon a Lloyds policy of fire insurance.    He says that the defendant is liable as an underwriter.    The policy was signed in behalf of the underwriters by Jefferson D. Bremer and Charles E. Ring, as attorneys in fact.    The power of attorney under which they assumed to act ran to Jefferson D. Bremer, Charles E. Ring and John A. Fiske.    The question is whether the power has been well executed when but two of the three agents have concurred in issuing the policy.

The plaintiff, to prove his case, put in evidence the power of attorney by which the three agents were appointed.    He put in evidence also a judgment roll by which it appeared that he had recovered judgment against two of the three agents.    No other evidence was offered by either party.    It is on this meagre record that the case comes before us.

An authority conferred by a principal upon two or more agents is presumed to be joint.    (*Hawley* v. *Keeler,* 53 N. Y. 114, 121; *Martine* v. *International Life Ins. Socy.,* 53 N. Y. 339, 342; *Kind* v. *Barry,* 66 Misc. Rep. 188; *Green* v. *Miller,* 6 Johns. 39.)    This rule, it is true, is not an inflexible one.    It yields to indications of a contrary intent.    Such indications may be looked for in the surrounding circumstances, or in the course of dealing, or in the terms of the power.    In this case we have no evidence either of the surrounding circumstances or of the course of dealing.    We are thus confined to the terms of the power; and, thus confined, we are unable to say that the case has been brought outside of the rule and within the exceptions to it.

The operative part of the agreement, as distinguished from its recitals, contains nothing to suggest the grant of a several agency. A majority of the justices at the Appellate Division found, however, in the words with which the agreement opens, sufficient evidence that such an agency was contemplated. The words relied upon are these:

"Agreement made and entered into this 7th day of July, 1902, by and between the underwriters or subscribers at the New York and New England Underwriters at Lloyds of New York City, parties of the first part, and Charles E. Ring, John A. Fiske and J. D. Bremer, subscribers, underwriters and attorneys at New York and New England Underwriters at Lloyds of New York City, parties of the second part, and by and between each of the parties of the first part, and by and between each of the parties of the second part."

We do not think that this recital affects the character of the agency. The words "by and between each of the parties of the first part, and by and between each of the parties of the second part," have a less precise and certain meaning than the words "jointly and severally." But even if the latter words had been added after the descriptive words that have been quoted, the grant of agency would remain the same. The *covenants* in that view would be several; each party would be severally bound to comply with them; each party would be severally liable for any default; but the grant of power to three agents *nominatim* would remain a grant to them collectively. The agents have no power except as this instrument confers it, and the instrument confers it on the parties of the second part.

A closer examination of the language of the agreement will confirm this conclusion. An industrious effort is exhibited, notwithstanding the opening recital, to distinguish between the rights and duties intended to be several and those intended to be joint. The underwriters are

invariably spoken of distributively; the attorneys collectively. Throughout the twenty subdivisions this distinction is maintained. Nowhere is this more clearly disclosed than in the very subdivision defining the powers of the agents. " *Each* of the parties of the first part hereby authorize and empower the parties of the second part " — not each of the latter parties, be it observed, but the three men named in the opening words of the instrument — " to do and perform for them and in their stead  *   *   * any and every act or acts in relation to the writing, signing, renewing and endorsing any policy or contract of insurance accepted by them [not each of them] as attorney  *   *   * and to do and perform all acts and things necessary for the  *   *   * business, which *either* of the parties of the first part could for himself.  *   *   * or themselves perform, giving to the said parties of the second part full power and authority therefor; this shall include the receiving of notices of losses, proofs of loss, adjusting losses and each and every act which they may deem necessary, prudent or advisable for the promotion of the business." Nowhere, either in this clause or in any other, is the power to do anything conferred on the attorneys except under the collective designation of " the parties of the second part." The operative terms of the contract are too clear to be overcome by the recitals. (*Williams* v. *Barkley,* 165 N. Y. 48, 57.) If the plaintiff's construction be correct, it was not even necessary that a majority of the agents should concur; the subscribers would have been bound by the act of any one of them. We find no evidence of such a purpose.

In holding that the policy was not issued by the agents in compliance with the power, we are unable, on this record, to go beyond the agreement to obtain light as to its meaning. If the three men named in the power of attorney constituted a partnership to the knowledge of the underwriters, a different conclusion might be required. When partners are appointed agents, the usual rule is

modified "to the extent that either member of a firm could do any act within the scope of the agency, the same as he could perform any other partnership act. By appointing a partnership firm it would be implied that the authority was joint and several." (*Martine* v. *International Life Ins. Society*, 53 N. Y. 339, 342.) It is alleged in the complaint that these attorneys were copartners under the name of Bremer, Fiske & Ring, but this is denied in the answer, and there is no evidence to prove it. Upon dissolution of the firm by the retirement of one partner, the agency would cease (*Martine* v. *International Life Ins. Society, supra*); but an intent to continue the agency in the remaining partners might be inferred from their exercise of authority with the acquiescence of the principals. Even if there was no partnership at any time, a long course of dealing might justify the conclusion that the principals consented that the business should be run as if a several agency had been created. (*Hawley* v. *Keeler*, 53 N. Y. 114, 122.) In the face of an unchallenged and notorious assumption of authority, it would not, in the language of the court in the case last cited, be readily "assumed * * * that the principals were ignorant of the conduct of their agents." Restricted as we are, on this record, to the power of attorney without explanatory proof, we hold that the agents did not keep within their powers. If, as the briefs suggest, there is evidence available that would lead to a different conclusion, the plaintiff on a new trial will have the opportunity to produce it.

The judgment of the Appellate Division should be reversed, and the determination of the Appellate Term affirmed, with costs in this court and in the Appellate Division to abide the event.

WILLARD BARTLETT, Ch. J., WERNER, HISCOCK, COLLIN and CUDDEBACK, JJ., concur; MILLER, J., not sitting.

Judgment reversed, etc.