THE UNION LAND COMPANY, Appellant, *v.* JOSEPH K. GWYNN, Respondent.

*Union Land Co.* v. *Gwynn*, 158 App. Div. 829, affirmed.
(Argued October 14, 1915; decided October 26, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 21, 1913, affirming a judgment in favor of defendant entered upon the report of a referee in an action to recover upon an underwriting agreement. The plaintiff alleges that defendant is one of sixteen underwriters of a bond issue of the Texas Railways Company, a New Jersey corporation organized in September, 1906, as a holding company, by Jester & Co., a New York banking firm, to take over the securities of a bankrupt Texas railroad which Jester & Co. tried to reorganize. Jester & Co. obtained underwriting contracts from defendant and fifteen others. . The underwriters authorized Jester & Co. to guarantee a note given in payment for bonds of the Texas railroad. Jester & Co. caused the New Jersey holding company to buy from F. M. Hubbell, plaintiff's assignor, bonds of the Texas railroad and to give a note in payment. Jester & Co. used the underwritings to guarantee the note. The scheme failed, the note was not paid, and plaintiff is suing to enforce the guaranty. The answer contains a general denial. It is also claimed that the underwriting never became effective, and that if it did, Jester & Co. had no authority to use it to guarantee the note in question. The answer also alleges fraud, and demands as affirmative relief that the underwriting be surrendered to defendant.

*George W. Field, Frank H. Platt, Livingston Platt* and *Robert H. Ewell* for appellant.

*Sol. M. Stroock* and *Edward F. Spitz* for respondent.

*Per Curiam.* The conclusions of law in this case are fully sustained by the findings of fact. It is true that

the Appellate Division, in holding that all the syndicate managers should have signed the guaranty, seems to have overlooked the findings to the effect that the managers were appointed and acted as a firm. That objection to the contract cannot, therefore, prevail. (*Unterberg* v. *Elder*, 211 N. Y. 499, 504.) But without reference to the form of signature, the judgment may securely rest on other grounds stated in the referee's report.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, CUDDEBACK, CARDOZO, SEABURY and POUND, JJ., concur.

Judgment affirmed.