Juanita **MUSQUIZ**, Juan Musquiz, III, and Sylvia Becerra, Appellants,

v.

Frank **MARROQUIN**, Appellee.

No. 13–02–00408–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Jan. 8, 2004.

Rehearing Overruled Feb. 12, 2004.

However, Brown L.L.P.'s assertions in the trial court and on appeal are contrary to such a showing.

Lucinda M. Juarez, Corpus Christi, for appellants.

Melody H. Cooper, Corpus Christi, for appellee.

Before Justices HINOJOSA, RODRIGUEZ, and WITTIG.[1]

**OPINION**

Opinion by Justice HINOJOSA.

This is a direct appeal from a bench trial involving judicial construction of a general durable power of attorney. Appellee, Frank Marroquin, independent executor of the Estate of Enriqueta Marroquin, sued appellants, Juanita Musquiz and her husband, Juan Musquiz, III, and their daughter, Sylvia Becerra, in the 148th District Court of Nueces County for breach of fiduciary duty and trespass to try title. In four issues, appellants challenge the trial court's jurisdiction, construction of the power of attorney, and award of attorney's fees. We modify the trial court's judgment and, as modified, affirm.

**A. BACKGROUND**

On August 21, 1997, Enriqueta Marroquin signed a general durable power of attorney giving broad powers to her son, Reynaldo Marroquin, and her daughter, Juanita Musquiz, as her "true and lawful Attorneys–in–Fact." The power of attorney restricted the personal liability of the attorney-in-fact to acts constituting gross misconduct or fraud. The power of attorney also expressly allowed for self-dealing by the attorney-in-fact.

After execution of the power of attorney, Juanita made improvements to her mother's house. The total amount of the improvements was approximately $11,800.

On October 30, 1998, Juanita unilaterally executed a "contract for deed" for the sale of her mother's house. According to the contract, Juanita M. Musquiz as attorney-in-fact was the seller, and Juanita Musquiz and her husband, Juan Musquiz, III, were the buyers. The sales price was $22,000, "with a down payment of $12,000 worth of improvements and two thousand dollars and a deferred principal amount of $8,000." The $8,000 was to be paid in monthly installments made payable to the Marroquin Family Trust. On the same date as the contract for deed, Juanita unilaterally executed a warranty deed, conveying ownership of the real property to her husband and herself.

On June 25, 1999, Juanita unilaterally created the Marroquin Family Trust that was referenced in the contract for deed,

which she executed the year before. The Marroquin Family Trust states that the Trustor "has transferred and delivered to the Trustee all of the property described in Schedule A." Schedule A provides that the "[t]rust principal is composed of the sum of $2,000.00" and the monthly payments to be made under the contract for deed, dated October 30, 1998.

On October 19, 2000, shortly before Enriqueta's death, Juanita unilaterally executed a release of lien, discharging the property from any and all liens, security interests, assignments, and conveyances in consideration of the full and final payment of the contract for deed.

Enriqueta died in December, 2000. In her will, dated December 23, 1993, Enriqueta devised all of her property to her son, Reynaldo. Juanita knew of both the will's existence and the terms of the will. The will was admitted to probate on March 29, 2001, in county court. Appellee, Enriqueta's son, was appointed independent executor of the will.

After learning of the documents that had been executed by Juanita, appellee sued appellants in district court for breach of fiduciary duty and trespass to try title. The trial court's judgment: (1) set aside, as null and void, all the documents executed unilaterally by Juanita; (2) judicially declared that the property was owned by appellee, as independent executor of the Estate of Enriqueta Marroquin, and ordered appellee to convey the property in accordance with Enriqueta's will; (3) ordered Juan and Juanita to execute a special warranty deed transferring all of their interest in the property to appellee; (4) awarded appellee $7,000 for the fair and reasonable rental value of the property from the date of Enriqueta's death until the rendition of judgment; (5) awarded appellee the sum of $4,000 for attorney's fees; and (6) ordered appellants to vacate the premises within ten days.

## B. Jurisdiction

In their first issue, appellants contend the district court did not have subject matter jurisdiction over appellee's breach of fiduciary duty and trespass to try title claims. Appellants argue that the statutory county court had exclusive jurisdiction of any and all claims pertaining to or incident to the Estate of Enriqueta Marroquin because the probate case was filed first. The issue, therefore, is whether the statutory county court had exclusive jurisdiction over this matter.

Whether a trial court has subject-matter jurisdiction is a question of law subject to de novo review. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex.2002); *Herring v. Welborn*, 27 S.W.3d 132, 136 (Tex.App.-San Antonio 2000, pet. denied). The general jurisdiction of a statutory county court sitting in probate is described in sections 5 and 5A of the probate code. Section five states, in relevant part:

In those counties in which there is no statutory probate court, but in which there is a county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding probate and administrations shall be filed and heard in those courts and the constitutional county court, rather than in the district courts, unless otherwise provided by law. The judge of a county court may hear any of those matters regarding probate or administrations sitting for the judge of any other county court. In contested probate matters, the judge of the constitutional county court may on the judge's own motion, and shall on the motion of a party to the proceeding, transfer the proceeding to the county

court at law or a statutory court exercising the jurisdiction of a probate court other than a statutory probate court. The court to which the proceeding is transferred may hear the proceeding as if originally filed in the court.

TEX. PROB.CODE ANN. § 5(c) (Vernon 2003). Section 5(f) further provides that those courts exercising original probate jurisdiction, which include statutory county courts pursuant to section 5(c), shall have the power to hear all matters incident to an estate. TEX. PROB.CODE ANN. § 5(f) (Vernon 2003); *see Bailey v. Cherokee County Appraisal Dist.*, 862 S.W.2d 581, 585 (Tex. 1993). In proceedings in statutory county courts, the phrase "incident to an estate" includes "all claims by or against an estate, all actions for trial of title to land incident to an estate" and "generally all matters relating to the settlement, partition, and distribution of estates of deceased persons." TEX. PROB.CODE ANN. § 5A(a) (Vernon 2003).

■ Conversely, a district court in Texas is a court of general jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex.2000). The Texas Constitution provides that the jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. By statute, district courts have "the jurisdiction provided by Article V, Section 8, of the Texas Constitution," TEX. GOV'T CODE ANN. § 24.007 (Vernon 1988), and "may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." TEX. GOV'T CODE ANN. § 24.008 (Vernon 1988). For "courts of general jurisdiction, . . . the

presumption is that they have subject matter jurisdiction unless a showing can be made to the contrary." *Dubai,* 12 S.W.3d at 75 (quoting 13 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3522 (1984)). In addition, district courts generally have exclusive jurisdiction to determine title to real property. *See* TEX. CONST. art. V, § 8; TEX. GOV'T CODE ANN. § 26.043 (Vernon 1988); *Falcon v. Ensignia,* 976 S.W.2d 336, 338 (Tex.App.-Corpus Christi 1998, no pet.).

Enriqueta's will was filed for probate on March 29, 2001, in the County Court at Law Number One of Nueces County, Texas. The terms of the will provided for an independent administration and appointed appellee as the independent executor. The will specifically invoked the language of section 145(b) of the probate code, which provides:

> Any person capable of making a will may provide in his will that no other action shall be had in the county court in relation to the settlement of his estate than the probating and recording of his will, and the return of an inventory, appraisement, and list of claims of his estate.

TEX. PROB.CODE ANN. § 145(b) (Vernon 2003). After the will was filed in the statutory county court, appellee learned that the estate's asset had been conveyed by Juanita to her husband and herself. Upon learning of this unilateral transfer by Juanita, appellee, in his capacity as the independent executor, filed his breach of fiduciary duty and trespass to try title claims in the 148th District Court of Nueces County, Texas. Appellants contend that since Enriqueta's will was filed for probate in the statutory county court in Nueces County, the district court did not have jurisdiction over appellee's claims.

While the probate code grants jurisdiction of matters incident to an estate in all

courts exercising original probate jurisdiction, *see* TEX. PROB.CODE ANN. § 5(f) (Vernon 2003), the grant of such jurisdiction is not exclusive, and neither sections 5 nor 5A of the probate code have stripped the district court of jurisdiction granted that court by other provisions of the constitution and statutes. *Carroll v. Carroll,* 893 S.W.2d 62, 66 (Tex.App.-Corpus Christi 1994, no writ); *see Green v. Watson,* 860 S.W.2d 238, 242 (Tex.App.-Austin 1993, no writ); *Smith v. Smith,* 694 S.W.2d 426, 430 (Tex.App.-Tyler 1985, writ ref'd n.r.e.). Further, the probate code grants the district court concurrent jurisdiction with a statutory probate court in all actions by or against a person in the person's capacity as a personal representative. TEX. PROB. CODE ANN. § 5(e) (Vernon 2003).

We recognize that pursuant to section 5(f) of the probate code the statutory county court has the power to hear actions for trial of title to land incident to an estate. *See Goodwin v. Kent,* 745 S.W.2d 466, 469 (Tex.App.-Tyler 1988, orig. proceeding) (citing *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 812 (Tex.1983)). However, we conclude that in this matter the statutory county court did not have dominant jurisdiction over the dispute because no petition had been filed raising the issue involving these parties. *Id.*

Accordingly, we hold that the present suit was not beyond the jurisdiction of the district court. We overrule appellants' first issue.

### C. CONSTRUCTION OF DURABLE POWER OF ATTORNEY

In their second and third issues, appellants contend the trial court erred in construing the durable power of attorney, and in setting aside the warranty deed and related trust.

The supreme court has set forth the following two rules of construction regarding powers of attorney:

1. The meaning of general words in the instrument will be restricted by the context, and construed accordingly; and

2. The authority will be construed strictly, so as to exclude the exercise of any power which is not warranted, either by the actual terms used, or as a necessary means of executing the authority with effect.

*Gouldy v. Metcalf,* 75 Tex. 455, 12 S.W. 830, 831 (1889); *see Avis v. First Nat'l Bank,* 141 Tex. 489, 497, 174 S.W.2d 255, 259 (1943); *Frost v. Erath Cattle Co.,* 81 Tex. 505, 17 S.W. 52, 54 (1891) (Powers of attorney, unlike deeds and wills, are to be strictly construed.). The nature and extent of the authority granted must be ascertained from the instrument granting the power of attorney. *First Nat'l Bank v. Kinabrew,* 589 S.W.2d 137, 145 (Tex.Civ. App.-Tyler 1979, writ ref'd n.r.e.).

In the instant case, the preamble to the power of attorney provides:

That I, Enriqueta Campos Marroquin, of Nueces County, Texas, do hereby make, constitute, and appoint Ray Marroquin, of Nueces County, Texas, and Juanita M. Musquiz, of Pasadena, Harris County, Texas, my true and lawful Attorneys–in–Fact, with full power to do any and every act and exercise any and every power that I might or could do or exercise through any other person and that my Attorney–in–Fact, in such Attorney–in–Fact's discretion, shall deem proper and advisable, intending hereby to vest in my Attorney–in–Fact a full and universal power of attorney, and not by way of limitation but as illustration, with full power to. . . .

The plain, unambiguous language in the power of attorney provides for the appoint-

ment of two attorneys-in-fact: Ray Marroquin and Juanita M. Musquiz, conjunctively and equally. By contrast, the power of attorney does not establish a joint and several agency. Thus, the presumption is one of joint agency.

> If a principal invests two or more individuals with authority to represent it in a particular transaction, it is ordinarily presumed that such authority was thus conferred because of special and personal considerations, so that the principal might obtain the benefit of the combined experience, discretion, and ability of such persons. Accordingly, unless it appears that the principal's intention was otherwise, as a general rule the powers invested by the principal in such agents must be jointly exercised by all of them, and may not be exercised by less than all of them.

3 TEX. JUR.3D *Agency* § 80 (1996); *see Unterberg v. Elder,* 211 N.Y. 499, 105 N.E. 834, 834 (1914); 3 C.J.S. *Agency* § 491 (1973).

Bound by the rules of construction set forth in *Gouldy,* we conclude that the language of the power of attorney does not affirmatively establish a joint and several agency. *See Gouldy,* 12 S.W. at 831. Thus, we hold the trial court did not err in its construction of the power of attorney. Further, we hold the trial court did not err in setting aside, as null and void, the: (1) contract for deed; (2) warranty deed; (3) Marroquin Family Trust; and (4) release. Appellant's second and third issues are overruled.

### D. LOSS OF RENT AND ATTORNEY'S FEES

In their fourth issue, appellants contend the trial court erred in awarding damages for loss of rent and attorney's fees when the record contains no evidence in support of such findings.

In a nonjury trial, where no findings of fact or conclusions of law are filed or requested, it is implied that the trial court made all the necessary findings to support its judgment. *Roberson v. Robinson,* 768 S.W.2d 280, 281 (Tex.1989). When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002).

In reviewing a "no evidence" or legal sufficiency of the evidence issue, we must view the evidence in a light that tends to support the finding and disregard all evidence and inferences to the contrary. *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001). If there is more than a scintilla of evidence to support the finding, the no evidence challenge fails. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 84 (Tex.1992). In reviewing the factual sufficiency of the evidence, we examine all of the evidence, both the evidence that supports the finding and the evidence that controverts the finding. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996). We will set aside the finding only if it is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Id.*

### 1. *Damages for Lost Rent*

The plaintiff in a trespass to try title suit may recover rents or damages incurred from loss of the use of land. TEX.R. CIV. P. 783(f); *see City of Austin v. Teague,* 570 S.W.2d 389, 394 (Tex.1978) (loss of rentals is appropriate measure of damages for temporary loss of use of land); *Parker v. McGinnes,* 594 S.W.2d 550, 552 (Tex.Civ.App.-Waco 1980, no writ) (same).

■ In its judgment, the trial court found that the fair and reasonable rental value of the property, calculated from the date of Enriqueta's death, was $7,000. At trial, appellee testified he believed the reasonable rental value of the property was $500 per month. Thus, there is more than a scintilla of evidence in the record to support the trial court's finding regarding the reasonable rental value of the property. In addition, although appellee admitted to not assessing the rental values of surrounding properties, appellants offered no controverting evidence to dispute appellee's testimony. We conclude the trial court's finding is not so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. Accordingly, we hold the evidence is legally and factually sufficient to support the amount found by the trial court to be the fair and reasonable rental value of the property.

### 2. *Attorney's Fees*

■ As a general rule, the burden of proof on attorney's fees is on the party seeking to recover the fees. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10 (Tex.1991); *Clements v. Corbin,* 891 S.W.2d 276, 281 (Tex.App.-Corpus Christi 1994, writ denied). To recover attorney's fees, a party must prove entitlement by contract or statute. *Holland v. Wal–Mart Stores, Inc.,* 1 S.W.3d 91, 95 (Tex.1999). Because recovery of attorney's fees is adverse to the common law and is penal in nature, statutes providing for such recovery must be strictly construed. *See New Amsterdam Cas. Co. v. Tex. Indus., Inc.,* 414 S.W.2d 914, 915 (Tex.1967).

■ Any suit that involves a dispute over the title to land is, in effect, an action in trespass to try title, whatever its form. *Bell v. State Dep't of Highways & Pub. Transp.,* 945 S.W.2d 292, 294 (Tex. App.-Houston [1st Dist.] 1997, writ denied). Attorney's fees are not recoverable when the real essence of the suit is one in trespass to try title. *Southwest Guar. Trust Co. v. Hardy Rd. 13.4 Joint Venture,* 981 S.W.2d 951, 957 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). Additionally, attorney's fees may not be awarded for a breach of fiduciary duty claim. *Maeberry v. Gayle,* 955 S.W.2d 875, 881 (Tex.App.-Corpus Christi 1997, no pet.) (en banc).

■ Here, the trial court awarded appellee the sum of $4,000 for fair and reasonable attorney's fees. Appellee filed this suit under breach of fiduciary duty and trespass to try title theories. Neither of these actions allows for the recovery of attorney's fees. *See* TEX. PROP.CODE ANN. § 22.001–.045 (Vernon 2000) (attorney's fees not recoverable under statutes governing trespass to try title); *Southwest Guar. Trust Co.,* 981 S.W.2d at 957; *Maeberry,* 955 S.W.2d at 881. Accordingly, appellee was not entitled to recover attorney's fees on any of his causes of action. We hold the trial court erred in awarding attorney's fees to appellee.

We overrule that portion of appellants' fourth issue regarding damages for lost rent. We sustain that portion of appellants' fourth issue regarding attorney's fees.

The judgment of the trial court is modified to delete the award of attorney's fees to appellee. As modified, the trial court's judgment is affirmed.