NUMBER 13-05-230-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


VIRGINIA GREGORY, Appellant,


v.
 


KAREN MACALLISTER, Appellee.

 


On appeal from the County Civil Court at Law No. 1


of Harris County, Texas.

 


MEMORANDUM OPINION
 


Before Justices Rodriguez, Castillo, and Wittig


Memorandum Opinion by Justice Wittig (1)
 


 Virginia Gregory appeals an adverse jury verdict concerning three hundred fifty-
four feet of back yard. Gregory defended the suit for possession of real property and
trespass to try title claim on the basis of the ten years adverse possession statute. Her
next door neighbor Karen MacCallister, appellee, was plaintiff. Gregory also
counterclaimed for damages resulting from a water leak which she also lost at trial. In
three issues, Gregory challenges the factual sufficiency, any award of attorney's fees, and
the lack of the ten day notice requirement for recovery of attorney's fees. We will affirm
the judgment of the trial court.

 1. Factual Sufficiency

 The parties are familiar with the procedural and factual background of the case
which will not be reiterated. Tex. R. App. P. 47.4. Gregory and MacCallister were
neighbors. After receiving an unusually large water bill, MacCallister investigated but could
not find the leak. The water line was located on the other side of her fence. Gregory
informed MacCallister the leak was on her side of the fence. After fixing the leak,
MacCallister went about to have her fence removed from its encroachment onto her
property. This lawsuit ensued. The jury found in favor of MacCallister on her claim and
against Gregory on her counter claim. The jury also awarded MacCallister attorney's fees
separately for both trial and appeal. 

 In her first issue Gregory argues that the jury's refusal to find in her favor on the
limitations issue is against the great weight and preponderance of the evidence. In
conducting a factual sufficiency review, we view all the evidence in a neutral light to
determine whether the contested finding is so contrary to the great weight and
preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly
demonstrate bias. Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761-62 (Tex.
2003).

 Gregory argues MacCallister's predecessor in title "knowingly gave up the disputed
area" when he built a new fence several feet inside his property line. Accordingly he
knowingly abandoned the disputed area and there was no need to put Gregory on notice
of the adverse possession claim. No authority is cited for this proposition. Later Gregory's
predecessor filed a complaint with the city because of a rain spout on Gregory's side of the
fence causing water drainage damage. The city cited Gregory's neighbor and ordered the
MacCallister predecessor to stop damaging the property. Gregory cites Flack v. First Nat.
Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628, 632 (Tex.1950) (the rule more precisely
stated, knowledge will be imputed and may be implied from circumstances when the
matters known in which he is interested are sufficient to require an honest and prudent
person to investigate the rights of others, and diligent investigation will lead to discovery
of any conflicting right). However, this case involves priority of liens and who owned
some unbranded cows. Id. at 630.

 Gregory also cites BarclaysAmerican/Business Credit, Inc. v. E & E Enterprises,
Inc., 697 S.W.2d 694 (Tex.App.--Dallas 1985)(no writ). (2) This UCC case is not particularly
helpful to appellant. Discussing the type of notice required, the court held the purpose of
the section is to protect the rights of an account debtor vis-a-vis an assignee of the original
creditor and concluded that, to fully protect those rights, actual notice of the assignment
is required. Id. at 699. Neither is this case in point.

 Appellant Gregory's argument is based upon her factual claim that MacCallister's
predecessor knowingly abandoned his property and necessarily had notice of an adverse
claim because of the city's action in ordering the removal of the rain spout. Therefore this
1992 action by the city meant MacCallister was already time barred when she filed suit in
2004. See TEX. CIV. PRAC. & REM.CODE ANN. § 16.026(a), (Vernon 2005) (suit must
be brought not later than 10 years after cause of action accrues to receive property
held in peaceable and adverse possession). Accordingly, Gregory's title to the
disputed area matured at least two years before suit and the jury's finding is against
the great weight and preponderance of the evidence.

 MacCallister disagrees. She first points out that occupation of the disputed
area was not exclusive because her water pipes and meter were on her deeded
land, mainly on the Gregory side of the fence. The fence was erected to protect
MacCallister's predecessor's daughter from Gregory's predecessor's dogs. The
MacCallister predecessor did not abandon any property because he is the one that
took down the old fence in the later 1980's and moved the new fence back a few
feet. Rather, she argues, Gregory mistakenly believed she could own the several
feet of property left outside the replacement fence. There was never any
appropriation of the real property, and Gregory's entry upon the property was
permissive. Gregory did use the property for growing grass and a garden, hardly
hostile activities, citing Bywaters v. Gannon, 686 S.W.2d 593, 595 (Tex. 1985)
(mowing the grass and planting flowers does not constitute a hostile character of
possession sufficient to give notice of an exclusive adverse possession nor does
maintaining a hedge). We agree. See also Terrill v. Tuckness, 985 S.W.2d 97, 109
(Tex.App.--San Antonio 1998, no pet) (test for hostility is whether the acts performed
by the claimant on the land and the use made of the land were of such a nature and
character as to reasonably notify the true owner of the land that a hostile claim was
being asserted to the property). Whether possession is hostile and continuous are
questions of fact. Id. 

 The trial court correctly instructed the jury on the question of a "casual fence." 
Texas courts distinguish between casual fences and those that designedly enclose
a land area. Rhodes v. Cahill, 802 S.W.2d 643, 646 (Tex. 1990) (if fence existed
before the claimant took possession of the land and the claimant fails to demonstrate
the purpose for which it was erected, then the fence is a "casual fence"). The only
evidence of the purpose of the fence was to protect children from dogs.

 Viewing all the evidence in a neutral light, we cannot conclude that the
contested finding is so contrary to the great weight and preponderance of the
evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate
bias. Golden Eagle Archery, Inc., 116 S.W.3d at 761-62. This issue is overruled.

 2. Attorney's Fees

 In her issues two and three, Gregory argues no attorney's fees should be
awarded, and in any event no proper notice was given on this claim. Gregory
correctly suggests that attorney's fee are not recoverable in a trespass to try title
case. Musquiz v. Marroquin, 124 S.W.3d 906, 913 (Tex.App.--Corpus Christi 2004,
pet denied) (attorney's fees are not recoverable when the real essence of the suit is
one in trespass to try title); Southwest Guar. Trust Co. v. Hardy Road 13.4 Joint
Venture, 981 S.W.2d 951, 957 (Tex.App.--Houston [1st Dist.] 1998, pet denied)
(attorney's fees are not available in a suit to quiet title or to remove cloud on title). 
However, MacCallister points out that other statutory authority allows recovery of
attorney's fees. TEX. CIV. PRAC. & REM.CODE ANN. § 16.034, (Vernon 2005) (suit
for possession of real property); see Clements v. Corbin, 891 S.W.2d 276, 281
(Tex.App.-Corpus Christi 1994 (writ denied)(prevailing party in suit for possession
between record title holder and one claiming by adverse possession may be entitled
to attorney's fees). 

 Gregory counters that the required ten day written notice to the person
unlawfully in possession was not given. TEX. CIV. PRAC. & REM.CODE ANN. §
16.034(b) (Vernon 2005). Gregory argues notice was infirm because it was not sent
until October 29, 2004, twenty days before trial and therefore eight months late. The
record confirms that the 2004 letter was indeed late. However, MacCallister, through
her attorneys, sent a certified letter October 10, 2003, requesting "Ms. Gregory
immediately remove the fence from the MacAllister property." Further, Gregory
made no objections at trial to either the admission of evidence concerning attorney's
fees or the submission of the matter to the jury other than fees were not statutorily
authorized. Error, if any, was waived. McShane v. Bay Area Healthcare Group,
Ltd., 174 S.W.3d 908, 917, (Tex.App.--Corpus Christi 2005, pet filed) (to preserve
error, objection must be made or error, if any, is waived); Greenberg Traurig of New
York, P.C. v. Moody, 161 S.W.3d 56, 81 (Tex.App.--Houston [14th Dist.] 2004, no
pet) (to preserve error, a party must timely object to the submission of an improper
question, instruction, or definition); see also TEX. R. CIV. P. 274. Gregory's two
issues addressing attorney's fees are overruled. 

 The judgment of the trial court is affirmed. 

 DON WITTIG,

 Justice


Memorandum Opinion delivered and 

filed this the 19th day of October, 2006.

 
1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of
Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon Supp. 2004). 
2. Gregory provides no pin cite.