NUMBER 13-06-00562-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE ESTATE OF BOBBIE S. LYNCH, DECEASED
 

 


On appeal from the 216th District Court of Kendall County, Texas.


 


MEMORANDUM OPINION ON REHEARING 



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion on Rehearing by Justice Rodriguez



 After considering appellee Tracy June Lynch's motion for rehearing, we deny the
motion; however, we withdraw our memorandum opinion and judgment of October 9, 2008,
and substitute the following to make nondispositive clarifications.

I. Introduction

 Appellants, Peggy Jean (Lynch) Sackheim and Patricia Ann (Lynch) Alderman, filed
a petition in the Kendall County Court at Law for an accounting and distribution of the
estate of their mother, Bobbie S. Lynch, and for the removal of appellee, Tracy June
Lynch, as independent executrix. The Kendall County Court at Law transferred the case
to the 216th District Court of Kendall County, where it was then dismissed. Appellants
challenge the dismissal, contending the district court's order is void for lack of subject
matter jurisdiction. (1) We vacate the district court's order and remand with instructions to
return the case to the Kendall County Court at Law.

II. Factual Background

 As independent executrix, appellee filed an application to probate her mother's will
and for issuance of letters testamentary in the Kendall County Court at Law. The Kendall
County Court at Law admitted the will to probate and granted letters testamentary.

 Appellants subsequently filed a petition in the Kendall County Court at Law for
accounting and distribution of the estate pursuant to sections 149A and 149B of the Texas
Probate Code and for removal of the independent executrix under section 149C. See Tex.
Prob. Code Ann. §§ 149A, 149B (Vernon 2003), 149C (Vernon Supp. 2008). Appellee
filed a plea to the jurisdiction and motion in limine in the Kendall County Court at Law,
claiming that appellants lacked standing to seek an accounting and distribution of the
estate. Instead of ruling on appellee's plea to the jurisdiction and motion in limine, the
Kendall County Court at Law transferred the case to the 216th District Court of Kendall
County. After a hearing on the plea to the jurisdiction and motion in limine, the district
court sustained appellee's motions and dismissed appellants' petition for accounting and
distribution and for removal of the independent executrix on the basis that appellants did
not have standing.

III. Standard of Review

 We review the trial court's subject matter jurisdiction de novo. Musquiz v.
Marroquin, 124 S.W.3d 906, 909 (Tex. App.-Corpus Christi 2004, pet. denied). Any orders
entered by a court lacking subject matter jurisdiction are void. See Browning v. Prostok,
165 S.W.3d 336, 346 (Tex. 2005) (citing Browning v. Placke, 698 S.W.2d 362, 363 (Tex.
1985) (orig. proceeding) (per curiam)). "Subject matter jurisdiction is essential to the
authority of a court to decide a case," and it "is never presumed and cannot be waived." 
Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). The issue
of subject matter jurisdiction may be raised for the first time on appeal. Id. at 445.

IV. Analysis

 By their second issue, appellants argue that the 216th District Court of Kendall
County does not have jurisdiction over probate matters. Appellee counters that the probate
code does not explicitly divest the district court of jurisdiction. See Tex. Prop. Code Ann.
§ 115.001 (a-1) (Vernon Supp. 2008) (explaining that the list of proceedings by or against
a trustee or concerning a trust in subsection (a) is not exhaustive).

 In Kendall County, the county court at law exercises jurisdiction over probate
matters. See Tex. Gov't Code Ann. § 25.0003(d) (Vernon Supp. 2008). Kendall County
has no statutory probate court. See id. § 25.1321 (Vernon 2004); Tex. Prob. Code Ann.
§ 3(ii) (Vernon 2003). Under section 5(c) of the probate code, in counties where there are
no statutory probate courts, all applications, petitions, and motions regarding probate and
administrations shall be filed and heard in the county court at law exercising probate
jurisdiction. Tex. Prob. Code Ann. § 5(c) (Vernon Supp. 2008). Therefore, the Kendall
County Court at Law has original jurisdiction over probate proceedings. (2) See Bailey v.
Cherokee County Appraisal Dist., 862 S.W.2d 581, 585 (Tex. 1993) ("In those counties
where there are statutory courts exercising probate jurisdiction, such courts share original
jurisdiction over probate proceedings with the constitutional county court . . . ."); Hailey v.
Siglar, 194 S.W.3d 74, 77 (Tex. App.-Texarkana 2006, pet. denied) (concluding that in a
county without a statutory probate court, the county court at law had original probate
jurisdiction); Lee v. Hersey, 223 S.W.3d 439, 444-45 (Tex. App.-Amarillo 2006, pet.
denied) (same).

 On motion for rehearing, appellee argues that this Court should view appellants'
claims in the proper context to conclude that jurisdiction was properly in the 216th District
Court of Kendall County because appellant sought determinations regarding appellee's
duties, responsibilities, powers, and liability as trustee over two testamentary trusts created
by their mother. In order to do as appellee requests, we must construe appellants' causes
of action as trust matters. We decline to do so.

 Appellants' petition involves probate matters regarding the administration of their
mother's estate including a request for an accounting and distribution and the removal of
appellee as executrix; therefore, under section 5(c), their petition must have be filed and
heard in the county court at law. See Tex. Prob. Code Ann. §§ 5(c), 149A, 149B, and
149C. (3) Moreover, we decline to construe appellants' petition filed in the county court at law
as involving a trust when the only mention of a trust is a request to show proof that the
trusts were in fact funded. Because the Kendall County Court at Law has original
jurisdiction over these probate matters, the 216th District Court of Kendall County never
acquired jurisdiction. (4) See Hailey, 194 S.W.3d at 77. Therefore, we conclude that the
district court's judgment is void. See Browning, 165 S.W.3d at 346. We sustain
appellants' second issue.

V. Conclusion

 We vacate the order of the 216th District Court of Kendall County and remand the
case to the district court with instructions to return the case to the Kendall County Court at
Law, where jurisdiction remains as to probate matters including the issue of standing in this
case.

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion on Rehearing delivered 

and filed this 25th day of November, 2008.
1. By their first issue, appellants contend that the district court erred in granting appellee's plea to the
jurisdiction and motion in limine because they have standing in this case. However, this issue is not necessary
to the final disposition of this appeal; therefore, we do not address it. See Tex. R. App. P. 47.1. 
2. "'Probate matter,' 'Probate proceedings,' 'Proceeding in probate,' and 'Proceedings for probate' are
synonymous and include a matter or proceeding relating to the estate of a decedent." Tex. Prob. Code Ann.
§ 3(bb) (Vernon Supp. 2008).
3. Section 149A provides that if an independent executor does "not comply with a demand for an
accounting . . . within sixty days after receipt of the demand, the person making the demand may compel
compliance by an action in the county court, as that term is defined by Section 3 of this code." Id. § 149A
(Vernon 2003) (emphasis added). Pursuant to section 149B, "a person interested in the estate may petition
the county court, as that term is defined by Section 3 of this code, for an accounting and distribution." Id. §
149B (Vernon 2003) (emphasis added). Section 149C states, "The county court, as that term is defined by
Section 3 of this code, on its own motion or on motion of any interested person, after the independent executor
has been cited by personal service to answer at a time and place fixed in the notice, may remove an
independent executor . . . ." Id. § 149C (Vernon Supp. 2008) (emphasis added). Under section 3 of the
probate code, "'County Court' and 'Probate Court' are synonymous terms and denote . . . courts created by
statute and authorized to exercise original probate jurisdiction . . . ." Id. § 3(e) (Vernon Supp. 2008).
4. We note, however, that any trust issues would be properly filed in the district court. See Tex. Prop.
Code Ann. § 115.001(a) (Vernon Supp. 2008) (providing that "a district court has original and exclusive
jurisdiction over all proceedings by or against a trustee and all proceedings concerning trusts").