NUMBER 13-08-00515-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALAN VERN CROCKER, INDIVIDUALLY

AND AS THE TRUSTEE OF THE ESTATE

OF RAY DALE CROCKER, TRAVIS VANCE

CROCKER, SANDRA CROCKER MOSBY,

AND GEORGE KIM CROCKER, Appellants,


v.



EXXON MOBIL CORPORATION D/B/A

EXXONMOBIL PRODUCTION COMPANY

AND LEE M. BASS, INC., Appellees.

 



On appeal from the 105th District Court of Kenedy County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Garza and Vela


Memorandum Opinion by Justice Garza


 

 Appellants, Alan Vern Crocker, individually and as the trustee of the estate of Ray
Dale Crocker, Travis Vance Crocker, Sandra Crocker Mosby, and George Kim Crocker
(collectively "the Crocker grandchildren"), appeal orders entered by the Kenedy County
District Court (1) granting pleas to the jurisdiction and motions to dismiss for lack of
jurisdiction in favor of appellees, Exxon Mobil Corporation d/b/a ExxonMobil Production
Company ("Exxon") and Lee M. Bass, Inc. ("Bass"), and (2) denying the Crocker
grandchildren's motions for new trial and reconsideration. By two issues, the Crocker
grandchildren argue that the Kenedy County District Court erred in (1) granting appellees'
pleas to the jurisdiction and motions to dismiss and (2) denying their motions for new trial
and reconsideration. We affirm.

I. Background This dispute pertains to a declaratory judgment action to remove a cloud on the title
of real property located in Kenedy County, Texas. Specifically, the underlying suit involved
two separate nonparticipating royalty interests ("NPRIs") affecting approximately 259 acres
in the F.E. Crocker Survey number 11. 

 On November 5, 1959, Ida and Arthur Vern Crocker conveyed a 1/96th NPRI to
each of their six children, which was subsequently recorded. Later, Ida and Vern devised
another undivided 1/96th NPRI to Arthur Van Crocker, one of their six children, pursuant
to a joint will. (1) 

 When Ida died, her estate was administered by the Kleberg County Court, which
entered an order on July 8, 1992, approving of an agreement between the Crocker
grandchildren and Frankie Pattillo, the independent executrix of Ida's estate. The
agreement set forth, among other things, the following:


 Plaintiffs and Defendant have further agreed and IT IS THEREFORE
FURTHER ORDERED, ADJUDGED, AND DECREED, that the Defendant,
the Estate of Ida Leah Crocker, Deceased, through its Independent Executrix
is entitled to all right, title and interest in and to the real property located in
Kenedy County, Texas more particularly described in Exhibits "B", "C", "D",
and "E" attached hereto and incorporated herein by reference just as if the
same were set forth fully and verbatim, and the Plaintiffs [the Crocker
grandchildren] are hereby divested of all right title and interest in and to the
same.


(Emphasis added.) The Kleberg County Court order was filed in the Kenedy County deed
records on March 8, 1993. 

 Thereafter, Bass acquired interests in Ida's property from three of Ida's
children--Grace, Loretta, and Frankie. These interests included the surface estate, three-fourths of the mineral estate, and each of the 1/96th NPRIs owned by Grace, Loretta, and
Frankie.

 On January 9, 2007, the Crocker grandchildren filed a petition in the Kenedy County
District Court against Lipan Partners, LP by its general partner, Sierra Resources, LLC,
Exxon, and Bass, seeking a declaratory judgment to remove a cloud on the title of the
property and to obtain an accounting for the production of mineral revenues. (2) Specifically,
the Crocker grandchildren took issue with two of the 1/96th NPRIs obtained by Bass. (3) 

 On March 11, 2008, Bass filed a plea to the jurisdiction and motion to dismiss for
lack of jurisdiction. In this filing, Bass argued that the Kenedy County District Court lacked
subject-matter jurisdiction because the declaratory judgment filed by the Crocker
grandchildren was an impermissible collateral attack on the Kleberg County Court's July
8, 1992 order. Exxon, adopting by reference the arguments made by Bass in its plea to
the jurisdiction and motion to dismiss, filed its own plea to the jurisdiction and motion to
dismiss for lack of jurisdiction on May 22, 2008.

 On May 27, 2008, after a hearing, the Kenedy County District Court granted Bass's
and Exxon's pleas to the jurisdiction and motions to dismiss for lack of jurisdiction. 
Subsequently, on July 3, 2008, the Crocker grandchildren filed a motion for new trial and
a motion for reconsideration, which the Kenedy County District Court denied on July 28,
2008. This appeal followed. 

II. Bass's and Exxon's Pleas to the Jurisdiction and 

Motions to Dismiss for Lack of Jurisdiction


 In their first issue, the Crocker grandchildren argue that the trial court erred in
granting Bass's and Exxon's pleas to the jurisdiction and motions to dismiss for lack of
jurisdiction because district courts have general jurisdiction in actions seeking to quiet title
or other actions involving title to real property. The Crocker grandchildren further argue
that, contrary to Bass's and Exxon's assertions, county courts "are denied jurisdiction over
suit[s] for the recovery of land." 

1. Standard of Review


 A plea to the jurisdiction challenges the trial court's authority to determine the
subject matter of the action. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex.1999). Whether a trial court has subject-matter jurisdiction and whether a pleader has
alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are
questions of law that we review de novo. Tex. Dep't of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004); Tex. Natural Res. Conservation Comm'n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002). The plaintiff has the burden to plead facts affirmatively
showing that the trial court has jurisdiction. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993); Univ. of N. Tex. v. Harvey, 124 S.W.3d 216, 220 (Tex.
App.-Fort Worth 2003, pet. denied). We construe the pleadings liberally in favor of the
pleader, look to the pleader's intent, and accept as true the factual allegations in the
pleadings. See Miranda, 133 S.W.3d at 226, 228; City of Fort Worth v. Crockett, 142
S.W.3d 550, 552 (Tex. App.-Fort Worth 2004, pet. denied). 

 If a plea to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties when necessary to resolve the
jurisdictional issues raised, as the trial court is required to do. See Bland Indep. Sch. Dist.
v. Blue, 34 S.W.3d 547, 555 (Tex. 2000) (confining the evidentiary review to evidence that
is relevant to the jurisdictional issue). We take as true all evidence favorable to the
non-movant and indulge every reasonable inference and resolve any doubts in the
non-movant's favor. Miranda, 133 S.W.3d at 228. If the evidence creates a fact question
regarding the jurisdictional issue, then the trial court cannot grant the plea to the
jurisdiction, and the fact question will be resolved by the fact finder. Id. at 227-28; Bland,
34 S.W.3d at 555. If the relevant evidence is undisputed or fails to raise a fact question
on the jurisdictional issue, however, the trial court rules on the plea to the jurisdiction as
a matter of law. Miranda, 133 S.W.3d at 227-28; Bland, 34 S.W.3d at 555.

2. Subject Matter Jurisdiction

 Section 4 of the Texas Probate Code provides that "[t]he county court shall have the
general jurisdiction of a probate court." (4)
 Tex. Prob. Code Ann. § 4 (Vernon 2003). The
county court "shall probate wills, grants letters testamentary and of administration, settle
accounts of personal representatives, and transact all business appertaining to estates
subject to administration, including the settlement, partition, and distribution of such
estates." Id. Section 5 of the probate code states that "[a]ll courts exercising original
probate jurisdiction shall have the power to hear all matters incident to the estate." Id. §
5(f) (Vernon Supp. 2008). Moreover, section 5A(a) of the probate code provides that
matters appertaining and incident to an estate include "all actions for trial of title to land
incident to an estate . . . [and] all actions for trial of the right of property incident to an
estate . . . and generally all matters relating to the settlement, partition, and distribution of
estates of deceased persons." Id. § 5A(a) (Vernon Supp. 2008).

 Conversely, district courts are courts of general jurisdiction. See Dubai Petroleum
Co. v. Kazi, 12 S.W.3d 71, 75 (Tex. 2000). The Texas Constitution states that the
jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all
actions, proceedings, and remedies, except in cases where exclusive, appellate, or original
jurisdiction may be conferred by this Constitution or other law on some other court, tribunal,
or administrative body." Tex. Const. art. V, § 8. The Texas Government code provides
that district courts have "the jurisdiction provided by Article V, Section 8, of the Texas
Constitution" and "may hear and determine any cause that is cognizable by courts of law
or equity and may grant relief that could be granted by either courts of law or equity." Tex.
Gov't Code Ann. §§ 24.007, 24.008 (Vernon 2004). In Dubai, the supreme court noted
that courts of general jurisdiction are presumed to have subject-matter jurisdiction "unless
a showing can be made to the contrary." 12 S.W.3d at 75 (quoting 12 Charles Alan
Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (1984)). 
Furthermore, "district courts generally have exclusive jurisdiction to determine title to real
property." Musquiz v. Marroquin, 124 S.W.3d 906, 910 (Tex. App.-Corpus Christi 2004,
pet. denied) (citing Tex. Const. art. V, § 8; Tex. Gov't Code Ann. § 26.043 (Vernon 2004);
Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.-Corpus Christi 1998, no pet.)).

 In their original petition, the Crocker grandchildren requested that the Kenedy
County District Court "make a determination that the Order dated July 8, 1992 did not
divest Plaintiffs' or their predecessors in interest (Plaintiffs have acquired the interest of any
unnamed children of Arthur Van Crocker) of any interest they own in the property which is
the subject of this land . . . ." Further, the Crocker grandchildren advance on appeal that
the Kleberg County Court lacked jurisdiction to hear the matter "under section 26.0428 of
the government code." (5)

 While district courts generally have jurisdiction over actions to quiet title or trespass
to try title, we hold that the Kleberg County Court has jurisdiction over this matter because
the two 1/96th NPRIs at issue in this case are "matters incident to the estate [of Ida
Crocker]" as described by sections 5(f) and 5A(a) of the probate code. See Tex. Prob.
Code Ann. §§ 5(f), 5A(a). Our holding is supported by the stipulation of the parties at the
May 27, 2008 hearing. At that hearing, counsel for the Crocker grandchildren stipulated
that the two 1/96th NPRIs involved in this matter were derived from the 259 acres of the
F.E. Crocker Survey number 11 that were referenced by exhibit "B" of the July 8, 1992
order entered by the Kleberg County Court. (6) See Mendoza v. Fid. & Guar. Ins.
Underwriters, Inc., 606 S.W.2d 692, 694 (Tex. 1980) ("A judicial admission is conclusive
upon the party making it, and it relieves the opposing party's burden of proving the
admitted fact, and bars the admitting party from disputing it."); see also De La Pena v.
Elzinga, 980 S.W.2d 920, 922 (Tex. App.-Corpus Christi 1998, no pet.) (same). By
stipulating that the two 1/96th NPRIs were part of exhibit "B," the Crocker grandchildren
have admitted that the two NPRIs were "appertaining" or "incident to" Ida's estate. (7) See
Tex. Prob. Code Ann. §§ 4, 5(f), 5(A)(a). Therefore, original jurisdiction resided in the
Kleberg County Court, where the probate proceeding took place. See Tex. Prob. Code
Ann. §§ 4, 5(f), 5(A)(a). 

 In any event, the Crocker grandchildren assert that their lawsuit was to quiet title and
that only district courts have jurisdiction to hear such cases. In support of this contention,
the Crocker grandchildren rely heavily on this Court's holding in Musquiz. See 124 S.W.3d
at 910. However, we find the Musquiz case to be distinguishable from the present matter.

 In Musquiz, appellee, Frank Marroquin, filed suit against appellants, Juanita
Musquiz, Juan Musquiz III, and Sylvia Becerra, for breach of fiduciary duty and trespass
to try title involving several actions taken by Juanita as the deceased's attorney-in-fact. Id.
at 908-09. Marroquin's lawsuit was brought while the deceased's will was still being
probated. Id. at 909. Appellants argued that the district court did not have subject-matter
jurisdiction over Marroquin's suit for breach of fiduciary duty and trespass to try title
because the statutory county court had exclusive jurisdiction over "any and all claims
pertaining to or incident to the Estate . . . because the probate case was filed first." Id. We
concluded that "the statutory county court did not have dominant jurisdiction over the
dispute because no petition had been filed raising the issue involving these parties." Id.
at 911. 

 Unlike the present case, the Musquiz case did not involve an attempt to alter or
clarify a previous judgment. In fact, the thrust of the Musquiz case involved an
interpretation of the scope of Juanita's durable power of attorney and Juanita's liability for
the actions she took as the attorney-in-fact. Id. at 911-12. Moreover, it is noteworthy that
in Musquiz, appellee's lawsuit ran concurrently with the probate of the deceased's will;
therefore, the issue concerned whether the district court had dominant jurisdiction over the
probate court when the proceedings were concurrent. Id. at 909, 911. A similar issue is
not present here; thus, the Musquiz case is not on all fours with the present case. 

 We conclude that the Crocker grandchildren have not met their burden of presenting
evidence creating a fact issue on the jurisdictional issues. See Tex. Ass'n of Bus., 852
S.W.2d at 446; Harvey, 124 S.W.3d at 220; see also Miranda, 133 S.W.3d at 227-28;
Bland, 34 S.W.3d at 555. Furthermore, because the Crocker grandchildren stipulated that
the two NPRIs were part of the 259 acres that were included in Ida's estate and because
various sections of the probate court grant original jurisdiction to the Kleberg County Court,
we find that the Kenedy County District Court was precluded from exercising jurisdiction
over this matter. See Tex. Prob. Code Ann. §§ 4, 5(f), 5A(a); see also Dubai, 12 S.W.3d
at 75 (holding that district courts, as courts of general jurisdiction, are presumed to have
subject matter jurisdiction "unless a showing can be made to the contrary"). 

 Because we have concluded that the Kleberg County Court has original jurisdiction
over this matter since the NPRIs are "appertaining" or "incident to" Ida's estate and the
Kenedy County District Court was precluded from exercising jurisdiction over this matter,
we hold that the Kenedy County District Court did not err in granting Bass's and Exxon's
pleas to the jurisdiction and motions to dismiss for lack of jurisdiction. We overrule the
Crocker grandchildren's first issue. 

III. The Crocker Grandchildren's Motion for New Trial


 By their second issue, the Crocker grandchildren allege that the trial court erred in
failing to grant their motion for new trial and motion for reconsideration. However, their
appellate brief contains no argument in support of this point of error. Rule 38.1(h) of the
Texas Rules of Appellate Procedure provides that an appellant's brief "must contain a clear
and concise argument for the contentions made, with appropriate citations to authorities
and to the record." Tex. R. App. P. 38.1(h). Failure to cite authority or provide substantive
analysis waives an issue on appeal. Med. Specialist Group, P.A. v. Radiology Assocs.,
L.L.P., 171 S.W.3d 727, 732 (Tex. App.-Corpus Christi 2005, pet. denied) (citing Fed. Sign
v. Tex. S. Univ., 951 S.W.2d 401, 410 (Tex. 1997); Tex. Dep't of Pub. Safety v. Struve, 79
S.W.3d 796, 801 n.6 (Tex. App.-Corpus Christi 2002, pet. denied)). Because the Crocker
grandchildren offer no legal analysis and fail to cite any authority supporting this issue, we
hold that error, if any, is waived. See id. (citing McIntrye v. Wilson, 50 S.W.3d 674, 682
(Tex. App.-Dallas 2001, pet. denied)); see also Sunnyside Feedyard, L.C. v. Metro. Life
Ins. Co., 106 S.W.3d 169, 173 (Tex. App.-Amarillo 2003, no pet.) (recognizing appellant's
failure to brief an issue results in waiver on appeal). Accordingly, we overrule the Crocker
grandchildren's second issue. 

IV. Conclusion


 Having overruled both of the Crocker grandchildren's issues on appeal, we affirm
the judgment of the Kenedy County District Court.


 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 12th day of March, 2009.


1. Arthur Van Crocker is the father of Alan Vern Crocker, Ray Dale Crocker, Travis Vance Crocker,
Sandra Crocker Mosby, and George Kim Crocker, the appellants in this matter.
2. Lipan Partners, LP and Sierra Resources, LLC were non-suited from the underlying matter and are
not parties to this appeal.
3. At the time of the underlying suit, Exxon was producing oil and gas on the property. In their lawsuit,
the Crocker grandchildren sought to determine the "proceeds derived from the two 1/96th interests . . . be
accounted for and be paid to the Plaintiffs [the Crocker grandchildren]."
4. Section 5(c) of the probate code further clarifies the general jurisdiction of the statutory county court
sitting in probate:


 In those counties in which there is no statutory probate court, but in which there is a county
court at law or other statutory court exercising the jurisdiction of a probate court, all
applications, petitions, and motions regarding probate and administrations shall be filed and
heard in those courts and the constitutional county court, unless otherwise provided by law. 
The judge of a county court may hear any of those matters regarding probate or
administration sitting for the judge of any other county court. In contested probate matters,
the judge of the constitutional county court may on the judge's own motion, and shall on the
motion of a party to the proceeding, transfer the proceeding to the county court at law or a
statutory court exercising the jurisdiction of a probate court other than a statutory probate
court. The court to which the proceeding is transferred may hear the proceeding as if
originally filed in the court.


Tex. Prob. Code Ann. § 5(c) (Vernon Supp. 2008) (emphasis added).

5. Section 26.0428 of the government code does not exist. However, it appears that the Crocker
grandchildren intended to cite to section 26.043 of the government code, which provides the following:


 A county court does not have jurisdiction in:

 

 (1) a suit to recover damages for slander or defamation of character;

 

 (2) a suit for the enforcement of a lien on land;

 

 (3) a suit in [sic] behalf of the state for escheat;

 

 (4) a suit for divorce;

 

 (5) a suit for the forfeiture of a corporate charter;

 

 (6) a suit for the trial of the right to property valued at $500 or more and levied on
under a writ of execution, sequestration, or attachment;

 

 (7) an eminent domain case; or

 

 (8) a suit for the recovery of land.


Tex. Gov't Code Ann. § 26.043 (Vernon 2004) (emphasis added).
6. The following colloquy transpired with respect to the stipulations made:


 [Bass's Counsel]: Before I begin what I hope will be a short presentation, I will
state for the record that Mr. Anderson [counsel for the
Crocker grandchildren] and I have agreed to two
stipulations, the first being that Exhibit A to the motion
before you is a true and correct copy of that prior order in
Cause No. 4290 in the County Court of Kleberg County,
Texas. The second is that the property at issue in this
case or the interest in the lands in this case described as
259 acres in the F.E. Crocker Survey of Kenedy County are
lands included within the lands described on Exhibit B to
that order. Did I correctly state our stipulations?

 

 [Counsel for the 

 Crocker grandchildren]: That's correct, Your Honor.

 

 THE COURT: All right.
7. At the May 27, 2008 hearing and on appeal, the Crocker grandchildren argue that the July 8, 1992
order did not involve the two 1/96th NPRIs at issue in this appeal; rather, the order pertained to interests
owned by Emmert Crocker, a child of Ida and Vern. We do not find this contention persuasive because the
Crocker grandchildren point to no evidence in the record in support thereof. Furthermore, the Crocker
grandchildren's contention is undermined by the stipulation that the two 1/96th NPRIs were associated with
the 259 acres of the F.E. Crocker Survey number 11--part of Ida's estate.