Jaime **BALDWIN**, Sr. et al., Appellants,

v.

## TEXAS UTILITIES ELECTRIC COMPANY, Appellee.

### No. 11-91-024-CV.

Court of Appeals of Texas, Eastland.

Nov. 14, 1991.

Rehearing Denied Dec. 12, 1991.

---

Marc R. May, Law Office of Marc R. May, P.C., Odessa, Larry Zinn, San Antonio, for appellants.

Travis E. Vanderpool, Worsham, Forsythe, Samples & Woolri, Dallas, for appellee.

## OPINION

RALEIGH BROWN, Justice (Assigned).

This is a summary judgment case arising from the drowning of Jaime Baldwin, Jr., while trespassing on property owned by Texas Utilities Electric Company. Jaime Baldwin, Sr., and Mary Baldwin, parents of Jaime Baldwin, Jr., sued Texas Utilities Electric Company alleging that Texas Utilities was grossly negligent. Judgment was entered that plaintiffs take nothing. The Baldwins appeal. We affirm.

■ In reviewing a summary judgment, the following standards must be applied: (1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law; (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. TEX.R.CIV.P. 166a; *Nixon v. Mr. Property Management Company, Inc.*, 690 S.W.2d 546 (Tex.1985); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

The Baldwins urge two points of error. They contend that the trial court erred in granting Texas Utilities' motion for summary judgment because: (1) a genuine issue of fact existed concerning their causes of action; and (2) the company was not entitled to judgment as a matter of law.

It is undisputed that, on May 20, 1988, Jaime Baldwin, Jr., drowned while fishing in the north discharge canal of the Morgan Creek Steam Electric Station, an area owned by Texas Utilities. At the time of his death, Baldwin was a trespasser. Appellants concede that gross negligence is the appropriate standard of care if Texas Utilities is to be held to owe any duty to Baldwin.

The following additional facts are undisputed: (1) the north discharge canal, including the "weir," is a necessary part of the operation of the power plant; (2) the area around the north discharge canal weir is fenced on land by a chain link fence which is six feet tall and which is topped with barbed wire and over the water by a multiple stranded cable barrier fence; (3) "no trespassing" signs are posted along the chain link fence, and "warning" signs are posted around the weir which are clearly visible to persons both on and off the property stating: "Danger, Keep Out, Deep Water, Strong Current, Stay Away For Your Own Safety"; (4) Texas Utilities does not permit anyone other than its own employees and certain specifically authorized persons to be on its property in the area of the north discharge canal weir; (5) security guards routinely patrol the area for trespassers; (6) Texas Utilities sought the aid of local law enforcement officers such as the game warden to assist in keeping trespassers off the premises; (7) Baldwin was not authorized to be on the property; and (8) Texas Utilities had no notice of Bald-

win's presence on the property prior to being notified that a drowning had occurred.

The summary judgment evidence established that Texas Utilities was the landowner who was lawfully using its premises. It made substantial efforts to exclude the uninvited. Nevertheless, Jaime Baldwin, Jr., ignored the warning signs and the boundary fences, came upon the premises, and drowned. Plaintiffs do not contend that the landowner created or maintained a nuisance. They do contend that the landowner was "grossly negligent" in failing to take further precautions to protect trespassers from the danger of drowning.

■ It has long been the law in Texas that a landowner has no obligation to maintain his premises in a safe condition for strangers entering without authorization. The landowner may assume that persons will not penetrate his boundaries uninvited. Trespassers must take the premises as they find them, and, if they are injured by unexpected dangers, the loss is their own.

The Court in *Carlisle v. Weingarten*, 137 Tex. 220, 152 S.W.2d 1073 (1941), said:

> If one uses his premises for private purposes, he has no reason to expect visitors other than those especially invited by him; and hence is under no obligation to keep his premises in a safe condition for the protection of those who may enter thereon without his invitation. It may be more convenient for him and those who live and work thereon to allow the premises to remain in a condition that would be unsafe as to strangers. Under such circumstances, *strangers having no business thereon* of interest to the owner *have no right to demand that such owner keep his premises in such condition that they may enter thereon in safety* at their will. (Emphasis added)

In *Texas Cities Gas Co. v. Dickens*, 140 Tex. 433, 168 S.W.2d 208 (1943), the Court said:

> The rule that there is no duty to keep premises safe for trespassers or licensees is for the protection of the property owner. So long as he creates no nui-

sance, he is entitled to use his property as he sees fit. He is entitled to assume that his possession will not be disturbed by outsiders. *It would be placing an unreasonable burden upon him to require that he keep his premises safe for strangers who come uninvited* on his land for purposes of their own. Such persons must take the premises as they find them; and if they fall into an unsuspected danger, the loss is their own. (Emphasis added)

■ The summary judgment evidence conclusively establishes that gross negligence does not exist in this case. The Texas Supreme Court discussed the "History of Gross Negligence" in *Burk Royalty Company v. Walls*, 616 S.W.2d 911 at 916 (Tex.1981), and then held that the correct definition of gross negligence is stated in *Missouri Pacific Ry. Co. v. Shuford*, 72 Tex. 165, 10 S.W. 408 at 411 (Tex.1988):

> Gross negligence, to be the ground for exemplary damages, should be that *entire want of care* which would raise the belief that the act or omission complained of was the result of a *conscious indifference* to the right or welfare of the person or persons to be affected by it. (Emphasis added)

There was no "entire want of care" on the part of Texas Utilities.

The summary judgment evidence establishes that the entire weir area is surrounded on land by a six feet tall chain link fence which is topped by three strands of barbed wire; the water area is fenced by a multiple stranded cable barrier; numerous no trespassing signs are posted on the fence; warning signs are posted around the weir; security guards routinely patrol the area to exclude trespassers; and the assistance of available law enforcement officers were sought by Texas Utilities. These acts and conduct on the part of Texas Utilities do not reflect an attitude of conscious indifference to the rights and safety of Baldwin; rather, they exhibit conscious concern for him. They do not show an "entire want of care" by Texas Utilities.

We hold as a matter of law that Texas Utilities was not guilty of gross negligence. The points of error are overruled.

The judgment of the trial court is affirmed.

BROWN, J., sitting by assignment.

McCLOUD, C.J., not participating.