City of Fort Worth v. Crockett

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-297-CV

CITY OF FORT WORTH APPELLANT

V.

CRAIG CROCKETT APPELLEE

------------

FROM THE 236
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION ON REHEARING

------------

We withdraw our prior opinion and judgment and substitute the following.  We deny Crockett’s motion for rehearing and rehearing en banc.

In this recreational use case, the primary issue we must decide is whether the City of Fort Worth has waived its immunity from a suit by Craig Crockett, a recreational user of a bike path in a city park, for the City’s alleged failure to fully barricade a dangerous condition on the bike path.  Because we conclude that the City’s immunity from suit has not been waived, we will vacate the trial court’s order denying the City’s plea to the jurisdiction and dismiss the case.

In its sole issue on appeal, the City asserts that the trial court erroneously denied its plea to the jurisdiction because Crockett’s claims are based on the City’s alleged failure to warn about or make safe a dangerous condition of recreational property, for which the City has not waived its immunity from suit or liability.  In response, Crockett contends that the denial was proper because his claims against the City are based on its grossly negligent conduct, not on a condition of property.  Crockett further contends that the City’s complaints are merely based on its assertions of immunity from liability—which is not the proper subject of a plea to the jurisdiction—rather than immunity from suit.

A plea to the jurisdiction challenges the trial court’s authority to determine the subject matter of the action.
(footnote: 1)  Whether the trial court had subject matter jurisdiction is a question of law that we review de novo.
(footnote: 2)  The plaintiff has the burden of alleging facts that affirmatively establish the trial court’s subject matter jurisdiction.
(footnote: 3)  In determining whether jurisdiction exists, we accept the allegations in the pleadings as true and construe them in favor of the pleader.
(footnote: 4)  We must also consider evidence relevant to jurisdiction when it is necessary to resolve the jurisdictional issue raised.
(footnote: 5)
 Governmental entities such as the City are immune from suit unless the legislature has expressly consented to the suit.
(footnote: 6)  Absent legislative consent to sue a governmental entity, the trial court lacks subject matter jurisdiction over the case.
(footnote: 7)  The Texas Tort Claims Act provides a limited waiver of sovereign immunity from suits for personal injuries caused by a condition or use of tangible real property, including premise defect claims.
(footnote: 8)  The immunity waiver is, however, further limited by the Texas Recreational Use Statute.
(footnote: 9)
 Under the recreational use statute, the governmental entity does not assure that the premises are safe for recreational use, and its only duty to recreational users is that owed to a “trespasser on the premises”—to refrain from causing injury willfully, wantonly, or through gross negligence.
(footnote: 10)  Trespassers take the premises as they find them, and landowners owe them no duty to warn of dangerous conditions.
(footnote: 11)  Therefore, a governmental unit has no duty to warn recreational users of dangerous conditions on the premises.
(footnote: 12)  It is undisputed that the recreational use statute applies to this case.  

We first consider Crockett’s contention that the City’s duty to recreational users merely pertains to its immunity from liability and not to its immunity from suit.  The Tort Claims Act waives immunity from suit only to the extent that it waives immunity from liability.
(footnote: 13)  Although the Tort Claims Act waives immunity from liability for some premise defects, it also provides that this liability waiver is limited by the recreational use statute.
(footnote: 14)  Thus, the Act limits its waiver of immunity from suit to the extent that its waiver of immunity from liability is limited by the recreational use statute.
(footnote: 15)
 While the City’s plea to the jurisdiction was not a model of clarity, it nonetheless asserted that the trial court lacked subject matter jurisdiction over the case because Crockett had not pleaded a cause of action that fell within the Tort Claims Act’s immunity waiver.
(footnote: 16)  Therefore, the issue of the City’s waiver of immunity from suit—and the trial court’s concurrent lack of subject matter jurisdiction—was properly before the trial court.

We now turn to the City’s contention that it has not waived its immunity from suit as to Crockett’s claims.  No evidence on the jurisdictional issue was presented in the trial court; therefore, we look solely to Crockett’s pleadings to resolve this matter.

Crockett’s pleadings allege as follows:  

In May 2002 at approximately 9:00 p.m., Crockett was riding his bicycle on a biking and running path in a city park when he suddenly encountered a five-inch ledge that was under the City’s construction or repair.  There were no barriers, flags, signs, or warnings at the end of the construction area where the accident occurred, although there were barriers, flags, signs, or warnings at the other end.  The City improperly or inadequately used signals, signs, or “hazards” to prevent injury or otherwise control pedestrian or bicycle traffic on the bicycle path.  The City’s actions or failure to act were willful, wanton, or grossly negligent.  This conduct and ultimately the conditions caused thereby created a dangerous and defective condition on the park premises that caused Crockett to be thrown from his bicycle and injured.  

Accepting Crockett’s factual allegations as true and construing them in his favor, as we must, we hold that they are insufficient to establish the City’s waiver of immunity from suit.  Crockett’s allegations simply assert that the City failed to assure that the premises were safe for bike riding at 9:00 p.m. or to warn him of the dangerous condition created by the five-inch ledge.  As we have discussed, the City, as a recreational use landowner, owed Crockett no duty to do either of these things.
(footnote: 17)  Indeed, in his appellate brief, Crockett asserts that his live pleading does not allege that the City owed him a duty to warn of conditions in the park or make them safe.  

Despite his assertion that he has not alleged the City owed him a duty to warn or make safe, Crockett urges us to follow the Austin Court of Appeals’ decision in 
State ex rel. Texas Dep’t of Parks & Wildlife v. Shumake
.
(footnote: 18)  The 
Shumake
 court held that recreational use landowners owe a duty to “known trespassers,” i.e., expected recreational users, to remove or warn of certain dangerous, artificial conditions about which the landowners know or should know.
(footnote: 19)  We decline to follow 
Shumake
 because it conflicts both with the recreational use statute, which provides that landowners do not assure that their premises are safe for recreational use, and the well-settled common-law rule that landowners owe no duty to trespassers to keep their premises safe or to warn them of dangerous conditions.
(footnote: 20)  Further, applying 
Shumake
 to the circumstances of this case would be inconsistent with the well-established precedent that the Tort Claims Act does not waive immunity from suit for injuries caused by the nonuse of property—e.g., the failure to erect barricades or warning signs.
(footnote: 21)
 The Tort Claims Act’s immunity waiver is limited to suits for personal injury or death caused by a condition or use of property for which a private person would be liable to the claimant according to Texas law.
(footnote: 22)  Here, Crockett has not pleaded a cause of action based on a condition or use of property or a premise defect for which Texas law would hold a private person liable.
(footnote: 23)  Therefore, the City has not waived its sovereign immunity from suit as to Crockett’s claims, and the trial court erred by denying the City’s plea to the jurisdiction.  We sustain the City’s issue, vacate the trial court’s order, and dismiss the case.
(footnote: 24)

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.

DELIVERED: July 29, 2004

FOOTNOTES
1:
Tex. Dep’t of Transp. v. Jones,
 8 S.W.3d 636, 638 (Tex. 1999).

2:
Tex. Natural Res. Conservation Comm’n v. IT-Davy,
 74 S.W.3d 849, 855 (Tex. 2002); 
Mogayzel v. Tex. Dep’t of Transp.,
 66 S.W.3d 459, 463 (Tex. App.—Fort Worth 2001, pet. denied).

3:
Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
 852 S.W.2d 440, 446 (Tex. 1993).

4:
Id.; Tex. Dep’t of MHMR v. Lee,
 38 S.W.3d 862, 865 (Tex. App.—Fort Worth 2001, pet. denied).

5:
Bland I.S.D. v. Blue,
 34 S.W.3d 547, 555 (Tex. 2000).

6:
Tex. Dep’t of Parks & Wildlife v. Miranda,
 133 S.W.3d 217, 224 (Tex. 2004); 
Jones,
 8 S.W.3d at 638.

7:
Miranda,
 133 S.W.3d at 224; 
Jones,
 8 S.W.3d at 638.

8:
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 101.021, .022 (Vernon 1997); 
Tex. Dep’t of Criminal Justice v. Miller,
 51 S.W.3d 583, 587 (Tex. 2001).

9:
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 75.002(c)-(d), .003(d)-(g) (Vernon Supp. 2004), § 101.058  (Vernon 1997). 

10:
Id.
 § 75.002(c)(1)-(2); 
City of Bellmead v. Torres,
 89 S.W.3d 611, 612-13 (Tex. 2002); 
Tex. Utils. Elec. Co. v. Timmons,
 947 S.W.2d 191, 193 (Tex. 1997).

11:
Tex. Cities Gas Co. v. Dickens,
 140 Tex. 433, 168 S.W.2d 208, 210 (1943); 
Smither v. Tex. Utils. Elec. Co.,
 824 S.W.2d 693, 695 (Tex. App.—El Paso 1992, writ dism’d by agr.); 
Baldwin v. Tex. Utils. Elec. Co.,
 819 S.W.2d 264, 266 (Tex. App.—Eastland 1991, writ denied).

12:
City of Lubbock v. Rule,
 68 S.W.3d 853, 859 (Tex. App.—Amarillo 2002, no pet.); 
Flye v. City of Waco,
 50 S.W.3d 645, 648 (Tex. App.—Waco 2001, no pet.).  
But see City of Houston v. Cavazos,
 811 S.W.2d 231, 234 (Tex. App.—Houston [14th Dist.] 1991, writ dism’d) (assuming, without analysis, that governmental unit has duty under recreational use statute to warn of dangerous conditions if failure to do so would be grossly negligent).

13:
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.025(a) (Vernon 1997); 
Miller,
 51 S.W.3d at 587.

14:
Tex. Civ. Prac. & Rem. Code Ann.
 §§ 101.022, .058.

15:
Id.
 §§ 101.025(a), .058; 
see Miranda,
 133 S.W.3d at 224-25.

16:
See Jones,
 8 S.W.3d at 638 (stating that party may contest trial court’s subject matter jurisdiction by filing plea to jurisdiction).

17:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 75.002(c)(1)-(2); 
Dickens,
 168 S.W.2d at 210; 
Smither,
 824 S.W.2d at 695; 
Baldwin,
 819 S.W.2d at 266.

18:
131 S.W.3d 66 (Tex. App.—Austin 2003, pet. filed).

19:
Id.
 at 77-78.

20:
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 75.002(c)(1); 
Dickens,
 168 S.W.2d at 210; 
Carlisle v. J. Weingarten, Inc.,
 137 Tex. 220, 152 S.W.2d 1073, 1075 (1941); 
Smither,
 824 S.W.2d at 695.

21:
See San Antonio State Hosp. v. Cowan,
 128 S.W.3d 244, 246-47 (Tex. 2004); 
Tex. Natural Res. Conservation Comm’n v. White,
 46 S.W.3d 864, 869-70 (Tex. 2001); 
Kassen v. Hatley,
 887 S.W.2d 4, 14 (Tex. 1994); 
Archibeque v. N. Tex. State Hosp.-Wichita Falls Campus,
 115 S.W.3d 154, 160 (Tex. App.—Fort Worth 2003, no pet.).

22:
Tex. Civ. Prac. & Rem. Code Ann.
 § 101.021(2).

23:
Crockett relies on a plurality holding in 
Miranda
 to support his position that he has alleged a gross negligence claim for which the City has waived immunity from suit.  
See Miranda,
 133 S.W.3d at 229-31 (discussing, in part III.C.1., sufficiency of Mirandas’ gross negligence allegations for jurisdictional purposes).  Crockett’s reliance is misplaced because plurality opinions are “not authority for determination of other cases, either in [the supreme court] or lower courts.”  
Univ. of Tex. Med. Branch v. York,
 871 S.W.2d 175, 177 (Tex. 1994).

24:
Tex. R. App. P.
 43.2(e); 
see County of Cameron v. Brown,
 80 S.W.3d 549, 555 (Tex. 2002) (stating that plea to the jurisdiction may be granted without allowing plaintiff an opportunity to amend if pleadings affirmatively negate the existence of jurisdiction).