COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-297-CV
  
  
CITY 
OF FORT WORTH                                                          APPELLANT
  
V.
  
CRAIG 
CROCKETT                                                                    APPELLEE
 
  
------------
 
FROM 
THE 236TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION ON REHEARING
 
------------
        We 
withdraw our prior opinion and judgment and substitute the following.  We 
deny Crockett’s motion for rehearing and rehearing en banc.
        In 
this recreational use case, the primary issue we must decide is whether the City 
of Fort Worth has waived its immunity from a suit by Craig Crockett, a 
recreational user of a bike path in a city park, for the City’s alleged 
failure to fully barricade a dangerous condition on the bike path. Because we 
conclude that the City’s immunity from suit has not been waived, we will 
vacate the trial court’s order denying the City’s plea to the jurisdiction 
and dismiss the case.
        In 
its sole issue on appeal, the City asserts that the trial court erroneously 
denied its plea to the jurisdiction because Crockett’s claims are based on the 
City’s alleged failure to warn about or make safe a dangerous condition of 
recreational property, for which the City has not waived its immunity from suit 
or liability. In response, Crockett contends that the denial was proper because 
his claims against the City are based on its grossly negligent conduct, not on a 
condition of property. Crockett further contends that the City’s complaints 
are merely based on its assertions of immunity from liability—which is not the 
proper subject of a plea to the jurisdiction—rather than immunity from suit.
        A 
plea to the jurisdiction challenges the trial court’s authority to determine 
the subject matter of the action.[1]  Whether the 
trial court had subject matter jurisdiction is a question of law that we review 
de novo.[2]  The plaintiff has the burden of 
alleging facts that affirmatively establish the trial court’s subject matter 
jurisdiction.[3]  In determining whether 
jurisdiction exists, we accept the allegations in the pleadings as true and 
construe them in favor of the pleader.[4]  We 
must also consider evidence relevant to jurisdiction when it is necessary to 
resolve the jurisdictional issue raised.[5]
        Governmental 
entities such as the City are immune from suit unless the legislature has 
expressly consented to the suit.[6]  Absent 
legislative consent to sue a governmental entity, the trial court lacks subject 
matter jurisdiction over the case.[7]  The Texas 
Tort Claims Act provides a limited waiver of sovereign immunity from suits for 
personal injuries caused by a condition or use of tangible real property, 
including premise defect claims.[8]  The immunity 
waiver is, however, further limited by the Texas Recreational Use Statute.[9]
        Under 
the recreational use statute, the governmental entity does not assure that the 
premises are safe for recreational use, and its only duty to recreational users 
is that owed to a “trespasser on the premises”—to refrain from causing 
injury willfully, wantonly, or through gross negligence.[10] 
 Trespassers take the premises as they find them, and landowners owe them 
no duty to warn of dangerous conditions.[11]  
Therefore, a governmental unit has no duty to warn recreational users of 
dangerous conditions on the premises.[12]  It is 
undisputed that the recreational use statute applies to this case.
        We 
first consider Crockett’s contention that the City’s duty to recreational 
users merely pertains to its immunity from liability and not to its immunity 
from suit. The Tort Claims Act waives immunity from suit only to the extent that 
it waives immunity from liability.[13]  Although 
the Tort Claims Act waives immunity from liability for some premise defects, it 
also provides that this liability waiver is limited by the recreational use 
statute.[14]  Thus, the Act limits its waiver of 
immunity from suit to the extent that its waiver of immunity from liability is 
limited by the recreational use statute.[15]
        While 
the City’s plea to the jurisdiction was not a model of clarity, it nonetheless 
asserted that the trial court lacked subject matter jurisdiction over the case 
because Crockett had not pleaded a cause of action that fell within the Tort 
Claims Act’s immunity waiver.[16]  Therefore, 
the issue of the City’s waiver of immunity from suit—and the trial court’s 
concurrent lack of subject matter jurisdiction—was properly before the trial 
court.
        We 
now turn to the City’s contention that it has not waived its immunity from 
suit as to Crockett’s claims. No evidence on the jurisdictional issue was 
presented in the trial court; therefore, we look solely to Crockett’s 
pleadings to resolve this matter.
        Crockett’s 
pleadings allege as follows:
        In 
May 2002 at approximately 9:00 p.m., Crockett was riding his bicycle on a biking 
and running path in a city park when he suddenly encountered a five-inch ledge 
that was under the City’s construction or repair. There were no barriers, 
flags, signs, or warnings at the end of the construction area where the accident 
occurred, although there were barriers, flags, signs, or warnings at the other 
end. The City improperly or inadequately used signals, signs, or “hazards” 
to prevent injury or otherwise control pedestrian or bicycle traffic on the 
bicycle path. The City’s actions or failure to act were willful, wanton, or 
grossly negligent. This conduct and ultimately the conditions caused thereby 
created a dangerous and defective condition on the park premises that caused 
Crockett to be thrown from his bicycle and injured.
        Accepting 
Crockett’s factual allegations as true and construing them in his favor, as we 
must, we hold that they are insufficient to establish the City’s waiver of 
immunity from suit. Crockett’s allegations simply assert that the City failed 
to assure that the premises were safe for bike riding at 9:00 p.m. or to warn 
him of the dangerous condition created by the five-inch ledge. As we have 
discussed, the City, as a recreational use landowner, owed Crockett no duty to 
do either of these things.[17]  Indeed, in his 
appellate brief, Crockett asserts that his live pleading does not allege that 
the City owed him a duty to warn of conditions in the park or make them safe.
        Despite 
his assertion that he has not alleged the City owed him a duty to warn or make 
safe, Crockett urges us to follow the Austin Court of Appeals’ decision in State 
ex rel. Texas Dep’t of Parks & Wildlife v. Shumake.[18]  
The Shumake court held that recreational use landowners owe a duty to 
“known trespassers,” i.e., expected recreational users, to remove or warn of 
certain dangerous, artificial conditions about which the landowners know or 
should know.[19]  We decline to follow Shumake 
because it conflicts both with the recreational use statute, which provides that 
landowners do not assure that their premises are safe for recreational use, and 
the well-settled common-law rule that landowners owe no duty to trespassers to 
keep their premises safe or to warn them of dangerous conditions.[20]  Further, applying Shumake to the 
circumstances of this case would be inconsistent with the well-established 
precedent that the Tort Claims Act does not waive immunity from suit for 
injuries caused by the nonuse of property—e.g., the failure to erect 
barricades or warning signs.[21]
        The 
Tort Claims Act’s immunity waiver is limited to suits for personal injury or 
death caused by a condition or use of property for which a private person would 
be liable to the claimant according to Texas law.[22]  
Here, Crockett has not pleaded a cause of action based on a condition or use of 
property or a premise defect for which Texas law would hold a private person 
liable.[23]  Therefore, the City has not waived 
its sovereign immunity from suit as to Crockett’s claims, and the trial court 
erred by denying the City’s plea to the jurisdiction.  We sustain the 
City’s issue, vacate the trial court’s order, and dismiss the case.[24]
 
 
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and GARDNER, JJ.
 
DELIVERED: 
July 29, 2004


NOTES
1.  
Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).
2.  
Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 
(Tex. 2002); Mogayzel v. Tex. Dep’t of Transp., 66 S.W.3d 459, 463 
(Tex. App.—Fort Worth 2001, pet. denied).
3.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 
1993).
4.  
Id.; Tex. Dep’t of MHMR v. Lee, 38 S.W.3d 862, 865 (Tex. App.—Fort 
Worth 2001, pet. denied).
5.  
Bland I.S.D. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).
6.  
Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 
(Tex. 2004); Jones, 8 S.W.3d at 638.
7.  
Miranda, 133 S.W.3d at 224; Jones, 8 S.W.3d at 638.
8.  
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 101.021, .022 (Vernon 1997); Tex. Dep’t of Criminal Justice v. Miller, 
51 S.W.3d 583, 587 (Tex. 2001).
9.  
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 75.002(c)-(d), .003(d)-(g) (Vernon Supp. 2004), § 101.058 (Vernon 1997).
10.  
Id. § 75.002(c)(1)-(2); City of Bellmead v. Torres, 89 S.W.3d 
611, 612-13 (Tex. 2002); Tex. Utils. Elec. Co. v. Timmons, 947 S.W.2d 
191, 193 (Tex. 1997).
11.  
Tex. Cities Gas Co. v. Dickens, 140 Tex. 433, 168 S.W.2d 208, 210 (1943); 
Smither v. Tex. Utils. Elec. Co., 824 S.W.2d 693, 695 (Tex. App.—El 
Paso 1992, writ dism’d by agr.); Baldwin v. Tex. Utils. Elec. Co., 819 
S.W.2d 264, 266 (Tex. App.—Eastland 1991, writ denied).
12.  
City of Lubbock v. Rule, 68 S.W.3d 853, 859 (Tex. App.—Amarillo 2002, 
no pet.); Flye v. City of Waco, 50 S.W.3d 645, 648 (Tex. App.—Waco 
2001, no pet.). But see City of Houston v. Cavazos, 811 S.W.2d 231, 234 
(Tex. App.—Houston [14th Dist.] 1991, writ dism’d) (assuming, without 
analysis, that governmental unit has duty under recreational use statute to warn 
of dangerous conditions if failure to do so would be grossly negligent).
13.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 101.025(a) (Vernon 1997); Miller, 51 S.W.3d at 587.
14.  
Tex. Civ. Prac. & Rem. Code Ann. 
§§ 101.022, .058.
15.  
Id. §§ 101.025(a), .058; see Miranda, 133 S.W.3d at 224-25.
16.  
See Jones, 8 S.W.3d at 638 (stating that party may contest trial 
court’s subject matter jurisdiction by filing plea to jurisdiction).
17.  
See Tex. Civ. Prac. & Rem. 
Code Ann. § 75.002(c)(1)-(2); Dickens, 168 S.W.2d at 210; Smither, 
824 S.W.2d at 695; Baldwin, 819 S.W.2d at 266.
18.  
131 S.W.3d 66 (Tex. App.—Austin 2003, pet. filed).
19.  
Id. at 77-78.
20.  
See Tex. Civ. Prac. & Rem. 
Code Ann. § 75.002(c)(1); Dickens, 168 S.W.2d at 210; Carlisle 
v. J. Weingarten, Inc., 137 Tex. 220, 152 S.W.2d 1073, 1075 (1941); Smither, 
824 S.W.2d at 695.
21.  
See San Antonio State Hosp. v. Cowan, 128 S.W.3d 244, 246-47 (Tex. 2004); 
Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 869-70 
(Tex. 2001); Kassen v. Hatley, 887 S.W.2d 4, 14 (Tex. 1994); Archibeque 
v. N. Tex. State Hosp.-Wichita Falls Campus, 115 S.W.3d 154, 160 (Tex. 
App.—Fort Worth 2003, no pet.).
22.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 101.021(2).
23.  
Crockett relies on a plurality holding in Miranda to support his position 
that he has alleged a gross negligence claim for which the City has waived 
immunity from suit. See Miranda, 133 S.W.3d at 229-31 (discussing, in 
part III.C.1., sufficiency of Mirandas’ gross negligence allegations for 
jurisdictional purposes). Crockett’s reliance is misplaced because plurality 
opinions are “not authority for determination of other cases, either in [the 
supreme court] or lower courts.” Univ. of Tex. Med. Branch v. York, 871 
S.W.2d 175, 177 (Tex. 1994).
24.  
Tex. R. App. P. 43.2(e); see 
County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002) (stating that 
plea to the jurisdiction may be granted without allowing plaintiff an 
opportunity to amend if pleadings affirmatively negate the existence of 
jurisdiction).