02-10-322-CV REH









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00322-CV

 

 


 
 
 Kojo Wih Nkansah
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 University of Texas at Arlington, James Spaniola,
 Dana Dunn, Philip Cohen, 
 Rod Hissong, and Sherman Wyman
 
 
  
 
 
 APPELLEES
 
 


 

 

----------

FROM THE 17th
District Court OF Tarrant COUNTY

----------

MEMORANDUM OPINION[1] ON REHEARING

 

----------

          Appellant
Kojo Wih Nkansah filed a motion for rehearing of our opinion issued August 18,
2011.  We deny the motion, withdraw our opinion and judgment dated August 18,
2011, and substitute the following.

          Nkansah,
pro se, appeals from orders granting a motion to dismiss, a plea to the
jurisdiction, and a motion for summary judgment in favor of Appellees
University of Texas at Arlington (UTA), James Spaniola, Dana Dunn, Philip
Cohen, Rod Hissong, and Sherman Wyman and from an order denying his motion for
new trial.  We will affirm.

          UTA
dismissed Nkansah from its School of Urban and Public Affairs’s Ph.D. Program
after he failed his dissertation defense.  Although UTA subsequently invited
Nkansah to apply for readmission, it declined his request that he be
unconditionally passed or that UTA refund or pay for him to obtain a degree at
another institution.  Nkansah ultimately sued Appellees.[2]

          The
trial court granted (a) the first amended plea to the jurisdiction filed
by Spaniola, Dunn, Cohen, Hissong, and Wyman, dismissing Nkansah’s claims
against them in their official capacities;[3] (b) Appellees’ civil
practice and remedies code section 101.106 motion to dismiss the tort claims
that Nkansah asserted against Spaniola, Dunn, Cohen, Hissong, and Wyman; and
(c) Appellees’ second plea to the jurisdiction and motion for summary
judgment, which dismissed each of the claims that Nkansah alleged against UTA
and any claims against the individual employees that the motion to dismiss did
not address.  After the trial court granted those motions, Nkansah filed an
untimely response to the second plea to the jurisdiction and motion for summary
judgment and also filed a motion to vacate the dismissal orders and reinstate
the trial setting.  The trial court denied Nkansah’s motion and granted Appellees’
objection asserted thereto.  Nkansah appeals.

          In
what we construe to be Nkansah’s first issue, he argues that the trial court
abused its discretion by not granting his motion for continuance.  A motion for
continuance shall not be granted except for sufficient cause supported by an
affidavit, consent of the parties, or by operation of law.  See Tex. R.
Civ. P. 251.  If a motion for continuance is not made in writing and verified,
it will be presumed that the trial court did not abuse its discretion by
denying the motion.  Villegas v. Carter, 711 S.W.2d 624, 626 (Tex.
1986).

          Appellees
filed their second plea to the jurisdiction and motion for summary judgment on
May 24, 2010, and they served Nkansah with the plea and motion by certified
mail, return receipt requested, the same day.  Several days later, on May 26,
2010, Appellees gave Nkansah notice of the hearing date set for the plea and
motion—July 7, 2010.  On June 17, 2010, Nkansah filed a motion to continue the
hearing set for July 7, 2010, stating therein that he had a “family medical
emergency conflicting with the hearing” set for July 7, 2010.  But Nkansah
never set the motion for a hearing, nor did he timely appear at the hearing on
July 7, 2010, to present the motion to the trial court.[4]
 Appellees’ counsel stated at the July 7, 2010 hearing that he and Nkansah had
agreed to continue the July 26, 2010 trial date, not the July 7, 2010 hearing
on the plea to the jurisdiction and motion for summary judgment.  Nkansah’s
motion is neither verified nor supported by affidavit.  Therefore, we hold that
the trial court did not abuse its discretion by not granting Nkansah’s motion
for continuance.

          In
what we construe to be Nkansah’s second issue, he argues that the trial court
erred by granting Appellees’ motion to dismiss Spaniola, Dunn, Cohen, Hissong,
and Wyman from his lawsuit.[5]  Civil practice and
remedies code section 101.106(e) provides that “[i]f a suit is filed under this
chapter against both a governmental unit and any of its employees, the
employees shall immediately be dismissed on the filing of a motion by the
governmental unit.”  Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e)
(West 2011).  All tort theories of recovery alleged against a governmental
unit, whether sued alone or together with its employees, are assumed to be
“under [the Tort Claims Act]” for purposes of section 101.106.  Mission
Consol. ISD v. Garcia, 253 S.W.3d 653, 659 (Tex. 2008).

          Nkansah
alleged tort claims against Appellees for breach of fiduciary duty, negligence,
premises liability, fraud, misrepresentation, negligent misrepresentation,
forgery, and conversion.  Because all of these tort theories were brought under
the Texas Tort Claims Act (TTCA) for purposes of section 101.106, the trial
court did not err by granting Appellees’ motion to dismiss Spaniola, Dunn,
Cohen, Hissong, and Wyman from those claims.  Likewise, to the extent that
Nkansah sought damages for alleged due process constitutional violations, the
trial court did not err by granting Appellees’ motion to dismiss the individual
employees from that claim.  See Randall, 301 S.W.3d at 903
(reasoning that claim seeking damages for alleged constitutional violations is
brought under the TTCA for purposes of section 101.106(e)).  We overrule
Nkansah’s second issue.

          In
what we construe to be Nkansah’s third issue, he argues that the trial court
erred by granting UTA’s second plea to the jurisdiction.  A plea to the
jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of
action without regard to whether the claims asserted have merit.  Bland ISD
v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  Whether the trial court has
subject matter jurisdiction is a question of law that we review de novo.  Tex.
Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004); Tex.
Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855 (Tex.
2002).  The determination of whether a trial court has subject matter
jurisdiction begins with the pleadings.  Miranda, 133 S.W.3d at 226. 
The plaintiff has the burden to plead facts affirmatively showing that the
trial court has jurisdiction.  Tex. Ass’n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993).  We construe the pleadings liberally in favor
of the pleader, look to the pleader’s intent, and accept as true the factual
allegations in the pleadings.  See Miranda, 133 S.W.3d at 226, 228; City
of Fort Worth v. Crockett, 142 S.W.3d 550, 552 (Tex. App.—Fort Worth 2004,
pet. denied) (op. on reh’g).  If a plea to the jurisdiction challenges the
existence of jurisdictional facts, we consider relevant evidence submitted by
the parties when necessary to resolve the jurisdictional issue raised.  See
Bland ISD, 34 S.W.3d at 555.

          Sovereign
immunity deprives a trial court of subject matter jurisdiction for lawsuits in
which the State or certain governmental units have been sued unless the State
consents to suit.  Tex. Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999).  State universities are agencies of the State; therefore, UTA is
protected by the doctrine of sovereign immunity.  See Tex. A&M Univ. v.
Bishop, 156 S.W.3d 580, 583 (Tex. 2005); Lowe v. Tex. Tech Univ.,
540 S.W.2d 297, 298 (Tex. 1976); see also Tex. Civ. Prac. & Rem.
Code Ann. § 101.001(3) (West 2011).

          Under
the TTCA, a governmental unit’s immunity from suit is waived to the extent that
the TTCA creates liability.  Tex. Civ. Prac. & Rem. Code Ann. § 101.025(a)
(West 2011).  The TTCA expressly waives sovereign immunity in only three
areas:  (1) use of publicly owned automobiles, (2) premises defects,
and (3) injuries arising out of conditions or use of tangible property.  Id.
§ 101.021 (West 2011); Miranda, 133 S.W.3d at 225.

          Nkansah
alleged claims against UTA in his third amended original petition for breach of
fiduciary duty, negligence, misrepresentation, fraud, forgery, conversion,
negligent misrepresentation, abuse of process, and gross negligence.  Nkansah
failed to plead sufficient facts to bring any of these claims within the
limited waiver of immunity under the TTCA.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021; Miranda, 133 S.W.3d at 225.  Accordingly,
Nkansah’s claims against UTA for breach of fiduciary duty, negligence,
misrepresentation, fraud, forgery, conversion, negligent misrepresentation,
abuse of process, and gross negligence are barred by sovereign immunity.  See
Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (West 2011) (stating
that waiver of immunity under the TTCA does not extend to suits for intentional
torts); Ethio Express Shuttle Serv., Inc. v. City of Houston, 164 S.W.3d
751, 758 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that city’s
sovereign immunity was not waived for claims of negligent misrepresentation and
fraud); City of Fort Worth v. Pastusek Indus., Inc., 48 S.W.3d 366, 372
(Tex. App.—Fort Worth 2001, no pet.) (holding sovereign immunity barred
appellee’s claims for fraud, breach of fiduciary duty, negligence, and
misrepresentation); RRR Farms, Ltd. v. Am. Horse Protection Ass’n, Inc.,
957 S.W.2d 121, 133–34 (Tex. App.—Houston [14th Dist.] 1997, pet. denied)
(explaining tort of abuse of process).

          Nkansah
alleged a claim against UTA for premises liability, pleading that UTA was
liable to him “because it owns and/or occupies the facilities or premise in
which all Plaintiff’s claims and/or causes of action occurred.”  A premises
defect theory requires, among other things, that a condition of the premises
create an unreasonable risk of harm.  State Dep’t of Highways & Pub.
Transp. v. Payne, 838 S.W.2d 235, 237 (Tex. 1992).  Nkansah only pleaded
that UTA’s premises was the location where the alleged wrongful acts occurred,
not that a condition of UTA’s premises created an unreasonable risk of harm to
him, causing him personal injury or injury to his personal property.  Consequently,
sovereign immunity bars Nkansah’s claim against UTA for premises liability.

          Nkansah
alleged a claim against UTA for violation of the Deceptive Trade Practices Act
(DTPA).  The legislature has mandated that a statute shall not be construed as
a waiver of immunity unless the waiver is effected by clear and unambiguous
language.  See Tex. Gov’t Code Ann. § 311.034 (West Supp. 2010); Sw.
Bell Tel., L.P. v. Harris Cnty. Toll Road Auth., 282 S.W.3d 59, 68 (Tex.
2009).  The DTPA does not clearly and unambiguously provide for a waiver of
immunity from suit for governmental units.  Univ. of Houston Main Campus v.
Simons, No. 01-02-00368-CV, 2002 WL 31388906, at *2 (Tex. App.—Houston [1st
Dist.] Oct. 24, 2002, no pet.).  Accordingly, sovereign immunity bars Nkansah’s
claims against UTA for violation of the DTPA.

          Nkansah
alleged a claim against UTA for breach of contract.  When a governmental unit
contracts with a private citizen, it generally retains immunity from suit even
though it waives immunity from liability.  Fed. Sign v. Tex. S. Univ.,
951 S.W.2d 401, 408 (Tex. 1997).  Generally, a party seeking redress for breach
of contract can establish legislative consent to sue by bringing suit under a
special statute or by obtaining a legislative resolution.  Gen. Servs.
Comm’n v. Little-Tex Insulation Co., 39 S.W.3d 591, 596–97 (Tex. 2001). 
Nkansah has not alleged that he obtained legislative consent to sue UTA for his
breach of contract claim, nor has he brought that claim under a special
statutory provision waiving UTA’s immunity from suit.  Accordingly, sovereign
immunity bars Nkansah’s claim against UTA for breach of contract.

          Nkansah
alleged a claim against UTA for promissory estoppel, asserting that UTA “made a
promise to [him] regarding his dissertation,” that UTA “could foresee that [he]
would rely on the promise,” and that he “did substantially rely on the promise
to his detriment.”  See, e.g., Bailey v. City of Austin, 972
S.W.2d 180, 192 (Tex. App.—Austin 1998, pet. denied) (stating that promissory
estoppel allows a cause of action to a promisee who has acted to his detriment
in reasonable reliance on an otherwise unenforceable promise).  The general
rule is that when a unit of government is exercising its governmental powers,
it is not subject to estoppel.  See City of Hutchins v. Prasifka, 450
S.W.2d 829, 835 (Tex. 1970).  A municipality, however, may be estopped in certain
cases where justice requires the application of estoppel and there is no
interference with the exercise of the municipality’s governmental functions.  Id.
at 836 (stating that the doctrine is applied “with caution and only in
exceptional cases where the circumstances clearly demand its application to
prevent manifest injustice”).  UTA is not a municipality, and we see no reason
to extend this exception to UTA under the facts of this case.  See Donna ISD
v. Gracia, 286 S.W.3d 392, 395–96 (Tex. App.—Corpus Christi 2008, no
pet.).  Accordingly, sovereign immunity bars Nkansah’s promissory estoppel
claim against UTA.

          Nkansah
alleged that UTA acted contrary to “Article [I] sections 3, 3a, 17, and 19 of
Texas Constitution under the Bill of Rights” in relation to its handling of his
dissertation defense and dismissal.  Nkansah pleaded for damages in the amount
of $455,000 for UTA’s wrongful acts against him.  As this court reaffirmed,
“[u]nder the Texas Supreme Court’s decision in Bouillion and its
progeny, no private cause of action exists against a governmental entity for
money damages relating to the governmental entity’s alleged violations of
constitutional rights.”  See Randall, 301 S.W.3d at 906 (referencing City
of Beaumont v. Bouillion, 896 S.W.2d 143, 147 (Tex. 1995)).  Therefore, with
the exception of Nkansah’s claim based on article I, section 17, his claims for
monetary damages based on UTA’s alleged constitutional violations are barred by
governmental immunity.  See id.; Bouillion, 896 S.W.2d at 149
(stating that the text of section 17 waives immunity only when one seeks
adequate compensation for property lost to the State).  Regarding the article
I, section 17 takings claim, there are no pleadings or evidence that Nkansah has
a vested property interest for which compensation would be allowed under
article I, section 17.  See Cypress Forest Pub. Util. Dist. v.
Kleinwood Mun. Util. Dist., 309 S.W.3d 667, 675 (Tex. App.—Houston [14th
Dist.] 2010, no pet.) (stating that plaintiff asserting claim under article I,
section 17 must show that it has a vested property interest); City of
Houston v. Northwood Mun. Util. Dist. No. 1, 73 S.W.3d 304, 310 (Tex.
App.—Houston [1st Dist.] 2001, pet. denied) (stating that survey of Texas cases
reveals that “property” has generally been found to be a “real property”
interest).  We overrule Nkansah’s third issue.

          In
what we construe to be Nkansah’s fourth issue, he argues that the trial court
erred by granting Appellees’ motion for summary judgment.  We review a summary
judgment de novo.  Travelers Ins. Co. v. Joachim, 315 S.W.3d 860,
862 (Tex. 2010).  We consider the evidence presented in the light most favorable
to the nonmovant, crediting evidence favorable to the nonmovant if reasonable
jurors could, and disregarding evidence contrary to the nonmovant unless
reasonable jurors could not.  Mann Frankfort Stein & Lipp Advisors, Inc.
v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge every reasonable
inference and resolve any doubts in the nonmovant’s favor.  20801, Inc. v.
Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  Frost Nat’l Bank v. Fernandez, 315
S.W.3d 494, 508 (Tex. 2010), cert. denied, 131 S. Ct. 1017 (2011); see
Tex. R. Civ. P. 166a(b), (c).

          We
construe the motion for summary judgment as a traditional motion for summary
judgment.  Nkansah did not file a response to the motion for summary
judgment until after the trial court had granted the summary judgment, and the
trial court subsequently sustained Appellees’ objection to the untimely response,
which Nkansah filed without leave of the trial court.  Because we overrule
Nkansah’s challenge to the trial court’s sustaining Appellees’ objection to
Nkansah’s untimely response below, we limit our review of Nkansah’s third issue
to whether the evidence that Appellees presented in support of the motion for
summary judgment was sufficient as a matter of law.  See Baghaei v. Appone,
Inc., No. 02-08-00413-CV, 2009 WL 1996297, at *3 (Tex. App.—Fort Worth July
9, 2009, no pet.) (mem. op.) (reviewing sufficiency of evidence to support
summary judgment when nonmovant failed to file response to traditional motion
for summary judgment) (citing Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d
217, 223 (Tex. 1999) and City of Houston v. Clear Creek Basin Auth., 589
S.W.2d 671, 678 (Tex. 1979)).

          Nkansah
filed a claim for due process violations against UTA, alleging that he was denied
procedural and substantive due process in UTA’s handling of his dissertation
defense and dismissal.  To the extent that Nkansah relies on the due course of
law provision of the Texas constitution, it is well settled that although the
due process clause of the Fourteenth Amendment and the due course of law
provision slightly differ in their language, the differences are “without
meaningful distinction.”  Univ. of Tex. Med. Sch. at Houston v. Than,
901 S.W.2d 926, 929 (Tex. 1995).  Texas courts are not bound by federal due
process jurisprudence, but they have traditionally followed federal due process
interpretations and consider federal decisions on these matters as persuasive
authority.  Id.

          The
procedural component of the due process clause provides that citizens are
entitled to notice and an opportunity to be heard at a meaningful time and in a
meaningful manner before any rights to life, liberty, or property may be taken
away by the State.  Id. at 930.  Cases involving dismissals for academic
reasons are reviewed under a less stringent standard than those cases involving
students dismissed for disciplinary reasons.  Bd. of Curators of Univ. of
Mo. v. Horowitz, 435 U.S. 78, 86, 98 S. Ct. 948, 953 (1978).  In order to
give due deference to the exercise of professional judgment, and because the
educational process is not generally adversarial, students dismissed from
school for academic reasons are not entitled to a hearing.  Id. at
89–90, 98 S. Ct. at 955.

          Assuming
that Nkansah had a property interest to assert, the summary judgment record
shows that Nkansah appealed the dissertation committee’s decision to dismiss
him for academic reasons to Richard Cole, Dean of the School of Urban and
Public Affairs.  Thereafter, an “Ad Hoc Committee on Student Grievance” met to
consider Nkansah’s complaint.  As part of its investigation, the committee met
with Nkansah for one and a half hours and heard his complaints.  The committee concluded
that “there was no meaningful departure from standard procedures followed in
SUPA for the preparation and defense of a doctoral dissertation” and that
“Nkansah was accorded adequate procedural due process, including this
opportunity for review.”  Nkansah also appealed to Cohen, who addressed
Nkansah’s complaints.  Under the standards articulated above, UTA afforded
Nkansah the procedural due process to which he was entitled.

          Regarding
substantive due process in the academic arena, a judge may not override a
faculty’s professional judgment in academic affairs unless “it is such a
substantial departure from accepted academic norms as to demonstrate that the
person or committee responsible did not actually exercise professional judgment.” 
Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 225, 106 S. Ct.
507, 513 (1985).  When a reviewing court has found evidence of “professional
judgment,” such evidence is considered sufficient to justify judgment against a
student as a matter of law.  Tobias v. Univ. of Tex. at Arlington, 824
S.W.2d 201, 210 (Tex. App.—Fort Worth 1991, writ denied), cert. denied,
506 U.S. 1049 (1993).

          Hissong
stated in his affidavit that he served as dissertation supervisor for Nkansah’s
doctoral dissertation and that “[i]n [his] professional judgment and experience
as an academic, [Nkansah’s] research never met the academic standards required
of doctoral level scholarship.”  Wyman stated in his affidavit that he served
as a committee member for Nkansah’s doctoral dissertation and that “the
academic rigor of the data collection and the conceptual bases of [Nkansah’s]
dissertation were unacceptable.”  UTA thus presented summary judgment evidence
that it exercised professional judgment in dismissing Nkansah for academic
reasons.  We hold that the trial court did not err by granting UTA summary
judgment on Nkansah’s due process claim.

          Nkansah
alleged a claim against the individual employees in his second amended original
petition for breach of contract.  To the extent that the individual employees
were not entitled to be dismissed from that claim pursuant to the civil
practice and remedies code section 101.106(e) motion to dismiss that the trial
court granted, the trial court did not err by granting summary judgment for the
individual employees on that claim because the summary judgment evidence
demonstrated that they did not have an agreement with Nkansah regarding any
matter related to his dissertation defense or his participation in UTA’s
graduate school.  See City of The Colony v. N. Tex. Mun. Water Dist.,
272 S.W.3d 699, 739 (Tex. App.—Fort Worth 2008, pet. dism’d) (stating that the existence
of an agreement is an essential element of a breach of contract claim).

          Nkansah
alleged a claim for injunctive relief against Appellees, though he took no further
action in pursuit thereof.  Appellees argued in the trial court that they were
entitled to summary judgment on the claim for injunctive relief because Nkansah
did not have a probable right to relief.  Because Nkansah’s claims against
Appellees were either barred by sovereign immunity or were properly dismissed
by summary judgment or under civil practice and remedies code section
101.106(e), Appellees were entitled to summary judgment on Nkansah’s claim for
injunctive relief, which appears to also be moot.  We overrule Nkansah’s fourth
issue.

          In
what we construe to be Nkansah’s fifth and final issue, he argues that the
trial court abused its discretion by denying his motion to vacate the orders
granting Appellees’ motion to dismiss, plea to the jurisdiction, and motion for
summary judgment and by sustaining Appellees’ objection to his untimely
response.  We liberally construe Nkansah’s motion as a motion for new trial. 
We review a trial court’s denial of a motion for new trial for an abuse of
discretion.  In re R.R., 209 S.W.3d 112, 114 (Tex. 2006).  To
determine whether a trial court abused its discretion, we must decide whether
the trial court acted without reference to any guiding rules or principles; in
other words, we must decide whether the act was arbitrary or unreasonable.  Low
v. Henry, 221 S.W.3d 609, 614 (Tex. 2007); Cire v. Cummings,
134 S.W.3d 835, 838–39 (Tex. 2004).

          The
record of the hearing on Nkansah’s motion for new trial indicates that he
arrived at the trial court on July 7, 2010, at approximately 11:20 a.m., after
the trial court had already granted Appellees’ motion to dismiss, plea to the
jurisdiction, and motion for summary judgment.  Nkansah explained that he was
under the impression that the trial court would be holding a hearing on his
motion for continuance that day, not on the Appellees’ plea and motion, which
were scheduled for that day.  The trial court patiently explained to Nkansah
that merely filing a motion for continuance does not mean that the scheduled
matter will be continued.  Rather, the party seeking the continuance needs to
further obtain a court order granting the motion for continuance or reach an
agreement with the opposing side to continue the scheduled matter.  In the
absence of one of those things, the trial court explained, the items scheduled
to be heard will remain on the trial court’s calendar, as happened in this
case.

          Regarding
the trial court’s sustaining Appellees’ objection to Nkansah’s untimely
response, a response to a motion for summary judgment, including opposing
summary judgment evidence, must be filed no later than the seventh day before
the date of the summary judgment hearing, except on leave of court.  Tex. R.
Civ. P. 166a(c).  If the record does not contain an affirmative indication that
the trial court permitted the late filing, the response is a nullity.  Neimes
v. Ta, 985 S.W.2d 132, 138 (Tex. App.—San Antonio 1998, pet dism’d).  The
record does not reflect that Nkansah sought leave to file the late response.

          We
hold that the trial court did not abuse its discretion by denying Nkansah’s
motion for new trial and by sustaining Appellees’ objection to Nkansah’s
untimely response.  We overrule Nkansah’s fifth issue.

          Having
overruled all of Nkansah’s issues, we affirm the trial court’s orders granting
Appellees’ motion to dismiss, plea to the jurisdiction, and motion for summary
judgment and denying Nkansah’s motion for new trial.

 

 

PER CURIAM

 

PANEL:  MEIER, J.; LIVINGSTON,
C.J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by Assignment).

 

DELIVERED: 
October 13, 2011









[1]See Tex. R. App. P. 47.4.





[2]Spaniola is UTA’s
president.  Dunn is UTA’s Vice President for Academic Affairs.  Cohen is Dean
of the Graduate School at UTA.  Hissong is an associate professor at UTA who
served as Nkansah’s dissertation supervisor.  And Wyman is a professor in UTA’s
School of Urban and Public Affairs.





[3]Nkansah does not appeal
this order.





[4]The trial court later
observed,

The Court will note that although Mr.
Nkansah had, in fact, filed a motion for continuance, an unverified motion for
continuance, that he did not request a hearing on the motion.  And it could be
that the Court would have considered his motion for continuance at today’s hearing,
but, of course, it would be necessary for him to be here to present that motion
for continuance.





[5]The motion to dismiss was
based on Nkansah’s second amended original petition.  Therefore, we look to the
claims alleged by Nkansah in his second amended original petition, rather than
in his third amended original petition.  See City of Arlington v. Randall,
301 S.W.3d 896, 903 (Tex. App.—Fort Worth 2009, pet. denied).