Opinion filed March 8, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00129-CV

                                                    __________

 

                             TIMOTHY
W. BUCHANAN, Appellant

 

                                                             V.

 

                                        DANA
COOLEY, Appellee



 

                                  On
Appeal from the 132nd District Court

 

                                                           Borden
County, Texas

 

                                                    Trial
Court Cause No. 1176-A

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
appeal arises from Timothy W. Buchanan’s pro se civil action filed against the district
attorney of Borden County.  The trial court granted the district attorney’s
motion for summary judgment.  We affirm.

            Appellant
is an inmate in the Institutional Division of the Texas Department of Criminal
Justice. He is currently serving a sixty-year sentence for his conviction occurring
on November 1, 2000, for aggravated sexual assault of a child.  Appellant’s
conviction arose from Trial Court Cause No. 192 in the 132nd District Court of Borden
County.  This court affirmed his conviction in 2002 in Cause No. 11-00-00368-CR.

            This
appeal concerns appellant’s indictment in Trial Court Cause No. 193.  The grand
jury indicted him for indecency with a child in Trial Court Cause No. 193. 
Appellant was never tried for the offense of indecency with a child in Trial
Court Cause No. 193 because the trial court granted the State’s motion to dismiss
Trial Court Cause No. 193 on October 29, 2007.   The State based the motion to
dismiss on the ground that “[t]he defendant was convicted in Cause Number 192
on the 1st day of November, 2000, and was sentenced to sixty years in
the Institutional Division of the Texas Department of Criminal Justice and a $10,000.00
fine.”  Despite the fact that Trial Court Cause No. 193 was dismissed on the
State’s motion after his conviction in the other case, appellant contends that
the district attorney is liable to him under a tort theory of recovery because
the indictment stated the wrong term of court. Appellant additionally contends
that the district attorney is liable to him for damages because her brother-in-law
served on the grand jury.[1] 
Irrespective of his conviction and sixty-year sentence arising from Trial Court
Cause No. 192, appellant contends that he suffered damages as a result of the
allegedly defective indictment in Trial Court Cause No. 193 because “it could
be use [sic] against me.”

In a single issue, appellant contends that the trial court erred in
dismissing his claims by granting the district attorney’s motion for summary
judgment.  The district attorney sought summary judgment on multiple grounds,
including a claim of absolute immunity from suit with respect to appellant’s
claims.  We review the trial court’s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).
 A trial court must grant a traditional motion for summary judgment if the
moving party establishes that no genuine issue of material fact exists and that
the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991). 

 A jurisdictional plea may be asserted in a motion for summary judgment.  See
Thomas v. Long, 207 S.W.3d 334 (Tex. 2006).  Subject-matter jurisdiction is essential for a court to have the authority to resolve a case.  See Tex.
Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638–39 (Tex. 1999).  Whether the
trial court has subject-matter jurisdiction is a question of law that we review
de novo.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
226 (Tex. 2004); Tex. Natural Res. Conservation Comm’n v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002).  The determination of whether a trial court has
subject-matter jurisdiction begins with the pleadings. Miranda, 133
S.W.3d at 226.  The plaintiff has the burden to plead facts affirmatively
showing that the trial court has jurisdiction.  Tex. Ass’n of Bus. v. Tex.
Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993).  We construe the
pleadings liberally in favor of the pleader, look to the pleader’s intent, and
accept as true the factual allegations in the pleadings.  See Miranda,
133 S.W.3d at 226, 228; City of Fort Worth v. Crockett, 142 S.W.3d 550,
552 (Tex. App.—Fort Worth 2004, pet. denied).  A plea to the jurisdiction may be granted without allowing the plaintiff to amend the pleading if the pleading
affirmatively negates the existence of jurisdiction.  See County of Cameron
v. Brown, 80 S.W.3d 549, 555 (Tex. 2002).  

 Immunity from suit deprives a trial court of subject-matter jurisdiction.  Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006).   In
construing the doctrine of absolute immunity, Texas courts follow federal
jurisprudence and apply the functional approach.  Clawson v. Wharton County,
941 S.W.2d 267, 271 (Tex. App.—Corpus Christi 1996, writ denied).  Under this
approach, government officials or actors have absolute immunity when the
complained-of activities were intimately associated with the judicial phase of
the criminal process.  Id. 

Prosecutors
enjoy absolute immunity in initiating prosecutions and presenting the State’s
case.  Bradt v. West, 892 S.W.2d 56, 69–70 (Tex. App.—Houston [1st
Dist.] 1994, writ denied); see Imbler v. Pachtman, 424 U.S. 409 (1976);
Morrison v. City of Baton Rouge, 761 F.2d 242, 246–48 (5th Cir. 1985).  “In construing the doctrine of absolute immunity, Texas courts follow federal
jurisprudence and apply the functional approach.”  Clawson, 941 S.W.2d at
271.  Under this approach, government officials or actors have absolute
immunity when the complained-of activities were intimately associated with the
judicial phase of the criminal process.  Id.  “Those acts undertaken by
a prosecutor in preparing for the initiation of judicial proceedings or for
trial, and which occur in the course of his role as an advocate for the State,
are entitled to the protection.”  Id. at 272.  “Absolute immunity will
shelter a prosecutor even should he act maliciously, wantonly, or negligently.”
 Id.

            All
of appellant’s claims against the district attorney flow from her role in initiating
prosecution against him.  Even if appellant’s allegations were true, the
district attorney would be absolutely immune from liability.  See Clawson,
941 S.W.2d at 272; Bradt, 892 S.W.2d at 69–70.   Accordingly, the trial
court did not err in granting summary judgment in favor of the district
attorney based on absolute immunity.

Moreover, the trial court did not specify the grounds upon which it relied
in its order granting summary judgment.  Accordingly, we must affirm the
trial court’s order granting summary judgment if any of the summary judgment
grounds are meritorious.  See Progressive County Mut. Ins. Co. v. Kelley,
284 S.W.3d 805, 806 (Tex. 2009).  Because the grounds for which the order was
granted were not specified, appellant is required to defeat all grounds on
which the motion was filed in order to prevail on appeal.  See Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989). Given that appellant has failed
to attack each independent ground listed in the district attorney’s motion for
summary judgment, he cannot prevail on appeal.  Appellant’s sole issue is
overruled.

             The
judgment of the trial court is affirmed.  

            

                                                                                                PER
CURIAM

 

                                                                                                

March 8, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]Appellant has not cited any authority supporting his contention
that the district attorney’s brother-in-law was disqualified from serving on
the grand jury.  While a prosecutor that is personally involved in presenting
an indictment is subject to challenge, there is no statutory authority
precluding a relative of a prosecutor from grand jury service.  See Tex. Code Crim. Proc.  Ann. art.
19.31(2) (West 2005).